ACTIENGESELLSCHAFT VEREINIGTE ULTRAMARIN-FABRIKEN **v.**
AMBERG.

(Circuit Court of Appeals, Third Circuit. May 7, 1901.)

No. 7.

UNFAIR COMPETITION—PACKAGES AND LABELS—RIGHT TO EXCLUSIVE USE.

Abandonment of the right to the exclusive use of a distinctive package or other dress for his goods by its originator, who has used it generally and continuously for many years, is not shown by the fact that it has been also used, not only by defendant, but by others, unless it further appears that there has been such acquiescence by complainant as to indicate, not only a practical abandonment, but also an intention to abandon.[1]

Appeal from the Circuit Court of the United States for the District of New Jersey.

Louis C. Raegener, for appellant.
Frederick W. Holls, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. We are not able to concur in the conclusion that was reached by the court below upon the question which the learned judge of that court properly regarded as the controlling one. We agree that the complainant was not entitled to a decree restraining the defendant below from using the box and labels described in the bill of complaint, unless it appeared "that the complainant, or some one through whom it claims, was the first to adopt this particular style of dressing, and that since its adoption its usage by them has been general and continuous and exclusive," but our examination of this record has satisfied us that in all these particulars the case of the complainant was adequately established. That it or its predecessors were the first to adopt and use the boxes and labels in question, and that they have continuously used them for more than 40 years, cannot, upon the evidence, be reasonably doubted. But the court below held, and it is now contended here, that such use was not exclusive, and by this contention the only serious question in the case is presented. What, as respects exclusiveness of use, is requisite to support a demand by the originator of a distinctive style of dressing for his goods, that its use by others for similar goods shall be prohibited? It is no answer to his complaint against any particular person who has so used it to say that such person is not the only one who has done so, for a trespasser cannot justify upon the ground that others have committed like trespasses. Therefore the appropriation by the appellee of the appellant's box and labels is not excused by showing merely that others had similarly appropriated them. It is essential that it should also appear that the appellant had, by its acquiescence, abandoned its exclusive right, and, "to establish a defense of abandonment, it is necessary to show, not only acts indicat-

[1] Unfair competition in trade, see notes to Scheurer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.

ing a practical abandonment, but an actual intent to abandon." Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 21 Sup. Ct. 8, 45 L. Ed. 60. This defense—the only substantial one in the present case—was not sustained in accordance with this rule. No acts were shown which can fairly be said to indicate even a practical abandonment, and that the evidence as a whole would not warrant the inference of an actual intent to abandon is, in our opinion, entirely clear. The appellant has not, it is true, proceeded against all persons who have violated the right it now seeks to maintain; but it did obtain a final judgment against one of them in 1883, and about five or six years before this suit was brought it threatened to proceed against others, who thereupon desisted from doing the acts complained of. These facts are not disputed, and their necessary effect is, we think, to repel the assumption of an intent to abandon.

The decree of the circuit court is reversed and the case will be remanded to that court, with direction to enter a decree in accordance with this opinion.