## DIAMOND MATCH CO. v. SAFE HARBOR MATCH CO. et al.

(Circuit Court, E. D. Pennsylvania. May 17, 1901.)

No. 29.

TRADE-MARKS—INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against the infringement of an alleged trademark will not be granted unless complainant's right to its exclusive use is clearly established. The fact that it is used by numerous other parties, although such use is alleged to be wrongful, makes it the more necessary that the court should not determine the question, where it is doubtful, on a preliminary hearing.

In Equity. Suit for infringement of trade-mark. On motion for preliminary injunction.

H. E. Garsed and Stephen Van Wyck, for complainant.
E. H. Fairbanks, for respondents.

DALLAS, Circuit Judge. Whatever result may be reached upon the final hearing of this case, I am unable to find upon the proofs as now presented, that the complainant's asserted title to the exclusive use of the word "Crescent" as a trade-mark for matches has been clearly established. The affidavits submitted by the defendants have created in my mind a serious doubt as to whether the plaintiff's usage of that word has been so general, continuous, and exclusive as to entitle it to have all other dealers enjoined from using it. Actiengesellschaft v. Amberg (C. C. A., 3d Circuit, May 7, 1901) 109 Fed. 151. The controversy, therefore, is one which cannot safely be decided except upon evidence regularly taken, with opportunity to each side to cross-examine the witnesses upon the other. It appears, by complainant's showing, that there are numerous persons and corporations who are using this mark, and this is urged as a reason for the immediate award of an injunction; but, in my opinion, such general use (though alleged to be wrongful) makes it all the more desirable that the adequacy of the plaintiff's title should not be adjudged upon ex parte affidavits. The motion for preliminary injunction is denied.