### SINGER MFG. CO. v. HIPPLE.

(Circuit Court, E. D. Pennsylvania. May 31, 1901.)

### No. 46.

UNFAIR COMPETITION—MISUSE OF DESCRIPTIVE NAME—SINGER SEWING MACHINES.

The original user of the word "Singer," as applied to sewing machines, to denote their source of manufacture, and its successors, by applying it also to designate the machine itself, lost the right to prevent others having the right to deal in such machines from so using it, as descriptive of their machines, provided they clearly specified in connection therewith the actual manufacturer, but they are not precluded from enjoining its use upon machines which are not of the kind with which the name has become associated by the public, the only purpose and effect of which is to mislead and deceive purchasers.[1]

In Equity. Suit to enjoin alleged unfair competition.

Lawrence Maxwell and Livingston Gifford, for complainant.

Samuel W. Cooper and Richard C. Dale, for respondent.

DALLAS, Circuit Judge. The defendant is engaged in selling sewing machines, which she marks or causes to be marked "High-Arm Philadelphia Singer." The complainant avers that this use by her of the word "Singer" is violative of its rights, because that word was adopted by one of its predecessors in business about 50 years ago, and has since then been continuously used by the complainant, and those under whom it claims, "to identify the machines manufactured by the complainant and its predecessors, and to distinguish them from the machines of all other manufacturers." These undisputed facts undoubtedly show prima facie title in the plaintiff, but the defendant, nevertheless, insists that she is not a trespasser,

[1] Unfair competition in trade, see notes to Scheurer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.

because, as she contends, the supreme court has, in effect, so decided in Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118. There a case of conflicting rights was presented, neither of which was ignored or disregarded. It was held, it is true, that the right to deal in a machine involves the right to designate it by the name by which it has become known to the public, even where that name, in a subordinate sense, is indicative of the source of manufacture. But from the opinion and judgment it also clearly appears that, although a manufacturer who has voluntarily applied the same word to designate both the machine made and himself as its maker cannot preclude others who have the right to trade in it from marking it with the name it has thus acquired, yet they must not do so "without clearly and unmistakably specifying in connection therewith" that every such machine is the product of the actual manufacturer thereof, and therefore not the product of the manufacturer who otherwise would be indicated. In short, the principle of that decision is, not that the first user of a mark indicative of origin forfeits his exclusive right thereto for that purpose by allowing it to be applied for the additional purpose of designating the thing itself, but that his monopoly of it for the one purpose cannot be so enforced as to nullify the general right to apply it for the other. If, therefore, the defendant's article were in fact a "Singer" machine, she would be at liberty to so designate it, provided she also clearly and unmistakably specified that it was not the product of the Singer Company; but the evidence, as I view it, is against her upon the main point, and therefore her manner of marking need not be considered. The machine which she puts upon the market is not a "Singer." That word is not, as a name for it, either necessary or appropriate. Nor can I accede to the contention that her machine is a developed or improved "Singer"; for the proof is that it is of a distinct type which is and long has been known as the "Domestic." Consequently the defendant's employment of the word "Singer" can have but one result, and that is, not to correctly identify the thing itself, but to mislead the public as to its source of origin; and, this being so, the decision in Singer Mfg. Co. v. June Mfg. Co. does not support, but subverts, her present position.

Upon the defense of laches, I have carefully examined the evidence, but deem it unnecessary to refer to it in detail. It appears from what has already been said that the word "Singer" has never become descriptive of such machines as are sold by the defendant, and there is no proof whatever from which an abandonment by the plaintiff of the exclusive right to use it as indicative of machines of its manufacture could reasonably be inferred. Saxlehner v. Eisner & Mendelson Co. (citing Singer Mfg. Co. v. June Mfg. Co.) 179 U. S. 19, 21 Sup. Ct. 7, 45 L. Ed. 60; Actiengesellschaft Vereinigte Ultramarin-Fabriken v. Amberg (C. C. A., 3d Circuit, May 7, 1901) 109 Fed. 151. Decree for complainant.