### HALSTEAD et al. v. HOUSTON.

(Circuit Court, E. D. Pennsylvania. November 6, 1901.)

#### No. 20.

UNFAIR COMPETITION—CIRCULARS ADVERTISING BOOK—USE OF GARBLED LETTER TO MISLEAD.

Complainant published a letter announcing to the public that he was engaged in writing a life of President McKinley, and giving the name of the publisher. He further stated that there was being advertised another "Life of McKinley," purporting to have been written by him; that in 1896 he had prepared a campaign publication regarding the then Republican candidates for president and vice president, which he understood was being changed, and sold as his "Life of McKinley," but that he had not had anything to do with such book since its first publication. Defendant, who was publishing and selling still another book on the same subject, issued a circular in which he copied that part of complainant's letter which denied his connection with the second work mentioned therein, but omitted the portion relating to complainant's new work, and added an indorsement, which, in connection with the extract printed, was calculated to mislead the public by inducing the belief that any book offered as complainant's was fraudulent, and not authentic. The proofs showed that such circular in fact created the confusion in regard to complainant's book which it was the purpose of his letter to prevent. *Held*, that such circular was constructively fraudulent, even if not so intended, and its promulgation caused an injury to complainant, against which he was entitled to protection of injunction.[1]

In Equity. On motion for preliminary injunction.

Hector T. Fenton, for complainant.

Joseph T. Bunting and Wm. C. Hannis, for defendant.

DALLAS, Circuit Judge. If the proofs upon the present motion for a preliminary injunction disclosed nothing which was not before the court when a similar application was recently denied by Judge McPherson in Halstead v. John C. Winston Co., 111 Fed. 35, I would simply follow the ruling which was then made; but, as facts have been shown in this case which did not appear in that one, I have felt it incumbent upon me to independently consider the question as now presented, and, so considering it, have been constrained to reach a different result. The alleged wrongful use of an extract from Mr. Halstead's announcement to the public, which was com-

---

[1] Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.

plained of in the case of Halstead v. John C. Winston Co., is also complained of now; but the present defendant has indorsed upon that extract a printed statement, and this the defendants in the former case had not done. The extract and indorsement referred to are as follows:

(Extract.)

"Auditorium Hotel. Annex.

"Chicago, Sept. 21, 1901.

"To the Public: * * * I prepared a campaign publication six years ago regarding the Republican candidates then for president and vice president. I understand it is undergoing further change, and purported to be my 'Life of McKinley.' I have had nothing to do with it since 1896, and I want this clearly understood. It is a back number, and I trust will be looked upon as such.                                    Murat Halstead."

Extract from letter in which Mr. Halstead wishes to warn the public against buying his old "Campaign Book" now being sold as a new "Life of McKinley."

(Indorsement.)

"A Big Fraud Exposed. A Scheme to Swindle the American Public Uncovered.

"The unprecedented demand for an authentic life of President McKinley has induced certain unscrupulous publishers to bring forth a number of inferior books on the life of the late president. These books are mostly made up of newspaper clippings, or are old campaign books rehashed, with an extra chapter added, and are being palmed off on the public as 'authentic,' when exactly the opposite is true. The publishers of some of these so-called 'Lives of McKinley' are claiming that their book is written by Murat Halstead. On the front of this circular is an extract from a recent letter which Mr. Halstead has addressed to the public on this subject, which speaks for itself. When you come in contact with persons who have already subscribed for one of these fake Halstead books, or for some other unreliable Life of McKinley, show them this circular, and the result will be that they will promptly cancel the orders that they have already given, and at once subscribe for a copy of your book. Everybody wants the 'Authentic Life of President McKinley,' with introduction and biography by Col. A. K. McClure, life and public services by Charles Morris, and memorial tributes by members of Mr. McKinley's cabinet and other distinguished persons from different parts of the world. This is the book with which you are prepared to supply them, and with such ammunition as this to help fight your battles you should simply sweep the country. Take special notice that Mr. Halstead's letter is under date of September 21st, 1901, at Chicago. It sounds the 'death knell' to a further sale of the so-called 'Life of McKinley' which it is intended to suppress, and effectually 'heads off' all competition from agents engaged in handling such fraudulent books.        The Publishers."

It appears that Mr. Halstead issued two announcements, each of which included the identical text of the above extract, but which slightly differed from each other in the omitted preceding matter. This preceding matter is, in each instance respectively, as follows:

(1) "I am writing 'The Illustrious Life of William McKinley, our Martyred President,' and hope to make it worthy. There is advertised another 'Life of McKinley,' entitled 'Life and Distinguished Services of William McKinley,' retailing for $1.00, alleged to be by me."

(2) "I am writing 'The Illustrious Life of William McKinley,' which is being published by the World Publishing Co., of Buffalo, N. Y., and hope to make it worthy. There is advertised another 'Life of McKinley,' entitled 'Life and Distinguished Services of William McKinley,' alleged to be by me."

It will be observed that in both forms it was plainly stated that Mr. Halstead was then writing a life of William McKinley, and that in both of them attention was pointedly directed to the fact that his new book was not to be confounded with another "Life of Mc-Kinley," alleged to be by him. Hence, from either announcement, when read in its integrity, it clearly appeared that the object in view was to prevent the other "Life of McKinley," alleged to have been written by Mr. Halstead, from being confounded with the "Life" which he was then writing; whereas the extract, when separated from its context, and read in connection with the indorsement placed thereon by the defendant, palpably tends to create the very confusion which the plaintiffs, for the protection of their property in the new work, had rightfully sought to avoid. Moreover, the confusion, which in the former case appeared to be a "possibility," has in the present one been shown to be an actually existent fact, and the consequence is, whether fraudulently intended or not, that an injury is done to the plaintiffs, the infliction of which the defendant might readily forbear without foregoing the exercise of any right of his own. It is of no avail to say that the injurious result occasioned is not designed. It should be avoided. The defendant's circular is misleading; and persistence in its promulgation, even if not an actually purposed fraud, certainly amounts to such a constructive, legal fraud as a court of equity is in duty bound to repress. Singer. Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118; Manufacturing Co. v. Hipple (C. C.) 109 Fed. 152.

Accordingly, it is ordered that a provisional injunction issue, restraining the defendant, his servants, agents, and employés, in the terms of the first prayer of the bill; said injunction to continue in force until the final hearing of the cause, or the further order of the court.