## DELBECK & CIE., SOCIETE A RESPONSA-BILITE LIMITEE, v. MONICA.

### No. E–7576.

District Court, E. D. New York.

June 5, 1935.

Mock & Blum, of New York City, for plaintiff.

M. Mac Schwebel, of New York City, for defendant.

BYERS, District Judge.

These are cross motions for a preliminary injunction in a trade-mark infringement cause. The defendant's motion is based upon its third defense and counterclaim.

The plaintiff is a corporation of France, which alleges that it has sold its champagne in this country since 1860, except for the interval of national prohibition, under the trade-mark "Delmonico."

The defendant is an individual whose name is Della Monica, who says he man-

ufactures champagne in Brooklyn, using French grape juice with Italian grapes and perhaps other ingredients. He has secured a Patent Office registration of a trade-mark "Delmonico Chateau" of August 22, 1933, for "Champagne, in Class No. 47, Wines," and asserts that the plaintiff is infringing that trade-mark, in that "since the latter part of the year 1933 the plaintiff * * * has sold and offered for sale in the State of New York and in interstate commerce * * * a product bearing labels upon which there was imprinted 'Delmonico Champagne.'"

Thus the plaintiff is said to have unfairly competed with the defendant in using a trade-name identical with the trade-mark of the defendant which it has used continuously since April 7, 1933 (the date of its application for registration).

This is said to constitute infringement of the defendant's trade-mark and to entitle the latter to an injunction and damages. No specimen or copy of the plaintiff's trade-mark is annexed to the answer, and consequently it is impossible to conclude, from the pleadings or affidavits, if the defendant is referring to the same trade-mark which forms the basis of the plaintiff's bill, although the inference might be permissible that this is so.

The matter is important because the paragraphs of the bill which refer to the plaintiff's importations from France into the United States, and its sales here through domestic agents, of its "Delmonico" Champagne, from 1860 down to the date of filing the bill, except for the national prohibition period, are denied in the answer.

The issue is thus raised as to whether the plaintiff has an existing business which is entitled to be protected, by enjoining the defendant from infringing the plaintiff's asserted common law trade-mark.

It might be urged with great reason that the third separate defense and counterclaim should operate as an estoppel against the defendant's denial that the plaintiff has an existing business which is entitled to protection against such competition as the defendant is able to conduct in connection with the enterprise which he founded about two years ago.

I am reluctant however to grant what would amount to final relief, upon that theory, in spite of the manifest equities of the plaintiff's cause.

The defendant's registration of a trade-mark cannot of course greatly influence the outcome of the cause, if the plaintiff has a business to which its trade-mark attaches. Thomas G. Carroll & Son Co. v. McIlvaine & Baldwin (C. C.) 171 F. 125; Revere Rubber Co. v. Consolidated Hoof Pad Co. (C. C.) 139 F. 151.

That is apparently put in issue, and the motion papers are insufficient to take the place of proof at final hearing.

It is a familiar rule in these cases that the relative hardships must be weighed, in deciding whether to grant or to withhold an injunction pendente lite. Neither party exhibits a trade-mark bearing its or his name.

The plaintiff's product is a French and true champagne, while the defendant's product is not.

If there is any competition between these two beverages, it will have to continue until evidence has been taken and the court can make such decree as the facts seem to require.

Each motion is denied. Settle order.