ELIZABETH ARDEN, Inc., v. FRANCES DENNEY, Inc., et al.

No. 6535.

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1938.

Theodore Voorhees, Francis Biddle, and Barnes, Biddle & Myers, all of Philadelphia, Pa., for appellant.

E. A. Collins, Jr., Philip Dechert, and Charles J. Hepburn, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This is an appeal from a decree of the District Court dismissing plaintiff-appellant's bill of complaint which charged the defendants-appellees with unfair competition.

The question at issue is whether or not the evidence sustains the findings of fact made by the learned trial judge.

The parties to this suit are both old and established concerns and have long been competitors in the cosmetic trade, though it appears that the products of the plaintiff were sold at somewhat higher prices than those of the defendants. The plaintiff charged that the defendants had copied the trade dress of its merchandise in the shape of its boxes, color combinations and arrangement of its goods, particularly with respect to "sets" or "gift boxes" containing various combinations of products such as soap, toilet water, bath salts and dusting powder. The plaintiff further alleges that the trade dress of its merchandise had acquired a secondary meaning indicating its own product exclusively, and that the defendants had copied this trade dress in order to "palm off" their product to the public as the product of the plaintiff.

The District Court, however, found that, the "defendants' goods resembled the plaintiff's only in a certain general impression which they give and which depends chiefly on the shape, size and color of containers and arrangement of articles. But the defendants have displayed their name on their boxes just as prominently as the plaintiff displayed its name, and in making up their package, they have adopted only the features of the plaintiff's which were common property." It further found that "no single package in the defendants' combination is exactly like the corresponding item in the plaintiff's, and that no one feature of the box is exactly like the corresponding feature of the plaintiff's".

On the question of intent to palm off their merchandise for that of the plaintiff the court said:

"However, I am very clearly of the opinion that the defendants did not adopt their present package with the intention to palm off their goods upon the public as those of the plaintiff, or to cause people to buy them in the belief that they were buying those of the plaintiff. Certainly, the probabilities are against one old and well established manufacturer promoting a competitor's publicity in this way, but regardless of that, I think the evidence shows

very plainly what the purpose of the defendants was. They were entitled to look about for the purpose of seeing what was the most attractive form and dress and the most likely to attract customers. Their attention had undoubtedly been drawn to the sales possibilities and advantages of a combination box such as the plaintiff was selling by the plaintiff's success with it. They undoubtedly recognized that the plaintiff had an attractive color scheme in the shades best adapted to sell the goods for the purpose for which they were used. They must have observed the general trend in articles of this kind toward dainty combinations and delicate colors and desired to get the benefit of customers' buying habits which the plaintiff had already taken advantage of and may well have created or developed.

"All this they had the right to do. But I am convinced that their intention went no further and that, so far as they could without sacrificing the advantage of general color scheme and arrangement which were common to the public, they intended that purchasers should not buy their boxes under the impression that they were buying the plaintiff's. This is the conclusion which I have arrived at after a careful study of the testimony, which need not be detailed here. * * * And there is one matter worth mentioning which bears upon the question of intention. Toilet preparations of the more expensive kind, such as these two parties make, are very rarely sold in department stores from a common display counter. Each manufacturer 'puts in his line', and they are usually exhibited clearly marked by a large sign or placard. Sales girls are peremptorily instructed not to try to substitute one brand for another. This custom of the trade is well known to all manufacturers and its existence is of considerable importance in negativing the probability of an attempt to palm off, as the plaintiff charges here."

There was substantial evidence, which, fairly interpreted, is sufficient to sustain these conclusions. As the issue of unfair competition is largely a question of fact (63 C.J. 414) which, under the evidence in this case, we can not disturb, the decree of the District Court must be

Affirmed.