KRAFT–PHENIX CHEESE CORPORA-
TION v. LEVIN.
No. 282.

District Court, E. D. Pennsylvania.
Sept. 6, 1939.

Joseph Gilfillan, of Philadelphia, Pa., and John T. Chadwell and Cyril A. Soans, both of Chicago, Ill., for plaintiff.

Jacob Stern and Joseph G. Denny, Jr., both of Philadelphia, Pa., for defendant.

WELSH, District Judge.

The plaintiff, Kraft-Phenix Cheese Corporation, has moved for a preliminary injunction to restrain the defendant, Harry M. Levin (doing business as Golden Brand Food Products Co.) from continuing alleged infringements of the plaintiff's labels and registered trade mark. The facts and circumstances before us for present purposes are those averred in the bill and answer, the plaintiff's affidavits in support of the motion, and the opposing affidavits of the defendant.

For the past eight years the plaintiff has manufactured and sold a salad dressing known as "Miracle Whip" to which it applied a distinctive rectangular label bearing the name and a combination of red and two shades of blue on a white field. The product has been extensively advertised by various means, including the radio broadcasting, and enjoys a large sale throughout the country. In 1934 the defendant began the manufacture and distribution of a like product in similar packages which has since been sold under the registered trade name "Cream Wipt", and upon which the defendant has applied for the past year, a rectangular label containing a combination of the same colors. Defendant has also adopted a similar type and method of general advertising, exclusive of radio.

The plaintiff alleges that the defendant's label is an unfair simulation of the plaintiff's design, which tends to confuse the products of the respective parties, and that the defendant's actions constitute unfair competition and an infringement of its trade mark rights. It is contended that the similarity is so obvious per se as to establish an actual infringement without any necessity for further proof of actual or probable confusion or of the existence of other unfairness on the part of the defendant. The defendant's affidavits are to the effect that his labels and advertising are so distinctly different from those of the plaintiff that no confusion does exist, or could reasonably be expected to exist, in the mind of even a careless purchaser, that the defendant's adoption and use of his label was in entire good faith, and that there is in fact no unfairness of competition or infringement of trade marks. Defendant also avers that the plaintiff's advertising is unfair and misleading in several particulars and it is, therefore, precluded from obtaining the redress sought.

An examination of the respective labels and packages discloses several points of general similarity, especially in the color combination, shape, and the type of lettering adopted. On the other hand, it also shows definite distinctions and differences which, if noticed by a purchaser, would eliminate any possibility of confusion of the products. From our inspection of the labels and advertising exhibits, and after full consideration of the arguments of both sides, we are not convinced that either contention is so clearly sustained by the facts and the law as to warrant us in making a summary disposition of so important an issue. The existence of a general resemblance between trade marks is not always sufficient to show unfair competition and infringement. Premier Malt Products Co. v. Kasser, D.C., 23 F.2d 98; Elizabeth Arden v. Frances Denney, Inc., 3 Cir., 99 F.2d 272. Nor do we believe that the defendant's label and advertising adopts such a collocation of the various features of the plaintiff's marks as to constitute a clear case of unfair competition and infringement such as would require the granting of a preliminary injunction.

The second part of the bill alleges the infringement of the plaintiff's registered trade mark "Kraft Kitchen Fresh" as applied to various dressings and spreads, by the defendant's use of his registered mark "Kitchen Craft" on similar products. The labels on which these terms are used are distinctly different, and the only question presented is whether the terms themselves are so deceptively similar as to warrant us in summarily determining that there is in fact an interference of the plaintiff's prior rights. Our examination of the facts and the law fails to convince us that the conflict is so clear or that the rights of

the plaintiff are so conclusively established as to require the entry of an injunction at this point.

 The power of granting a preliminary injunction rests in the sound discretion of the court. Rice & Adams Corporation v. Lathrop, 278 U. S. 509, 49 S.Ct. 220, 73 L.Ed. 480. It is necessarily drastic in its nature and should be exercised with great care and caution and only in clear cases. New York Asbestos Manufacturing Company v. Ambler Asbestos Air-Cell Covering Company, 3 Cir., 102 F. 890; Gasaway v. Borderland Coal Corporation, 7 Cir., 278 F. 56. The rule that a preliminary injunction should not be awarded on ex parte affidavits is subject to few exceptions (Lare v. Harper & Brothers, 3 Cir., 86 F. 481), and only in such cases as would show the probability of irreparable injury during the pendency of the action if such injunction were not granted. American Mercury v. Kiely, 2 Cir., 19 F.2d 295. A preliminary injunction to restrain the use of a trade mark will not be granted unless the plaintiff's rights to its exclusive use are clearly established. The fact that similar marks are used by numerous others indicates that the court should not determine the question primarily where there is any doubt as to the exclusiveness of the rights of any of the claimants. Diamond Match Company v. Safe Harbor Match Company, C.C., 109 F. 154. In considereing such questions the court must also determine the relative rights of and hardships upon the respective parties in determining whether to grant or withhold an injunction. Delbeck & Cie v. Monica, D.C., 10 F. Supp. 1013.

It therefore seems advisable in the present circumstances to have all of the facts and circumstances as to the use of the respective marks, the purposes and intents of the parties, the possibilities of confusion, and the probable effect of continued use of the trade marks presented to the court before it would be justified in determining the respective and comparative equities of the parties. Our conclusion is that the present matters may not properly be disposed of on the present motion. There is no definite proof of probable irreparable damage resulting from the refusal of the motion. A proper consideration of the rights of the respective parties can best be given after further proof and final hearing. Should the respective litigants feel that irreparable injury might be suffered prior to the time when this case would ordinarily be reached for trial, it would seem proper for us, upon application, to later consider the necessity or advisability of an earlier listing of the case for trial.

The motion for preliminary injunction is denied.