## MILLER PARLOR FURNITURE CO., Inc., v. FURNITURE WORKERS' INDUSTRIAL UNION.

### No. 4899.

District Court, D. New Jersey.

Sept. 10, 1934.

John J. Corcoràn, Jr., of Jersey City, N. J., for complainant.

Abraham J. Isserman, of Newark, N. J., for defendant.

AVIS, District Judge.

Complainant's bill was filed in the Court of Chancery of New Jersey, and, upon affidavits presented ex parte, that court granted temporary restraint, with a rule to show cause. Subsequently, on application of defendant and upon order of the Chancellor of New Jersey, the cause was removed to this court.

Later application was made by complainant to remand the cause to the Court of Chancery, and defendant made application to dissolve the temporary restraint granted in the Chancery Court. These motions were disposed of on July 23, 1934, and as a result the court denied the complainant's motion to remand, and granted defendant's motion to dissolve the temporary restraint. Application made to this court for temporary restraint was set down for hearing on July 31, 1934, and on that date both parties produced witnesses who were heard in open court.

The controversy involved arises out of an alleged labor dispute. The complainant alleges in its bill that the defendant is a labor organization, and that the latter sent its officers, agents, and associates to the business establishment of complainant, in Jersey City, N. J., where it conducts the business of manufacture and sale of household furniture, and caused them to parade up and down in front of its establishment, carrying signs and banners having thereon certain words stating that the employees of complainant were on strike; that the complainant company was not paying union wages; that it was not fair to union labor; and that it (the complainant) had cut the wages of workingmen employed by it.

The bill further sets forth the alleged dates when such signs were carried and displayed; claims that such actions interfered with the business of complainant, gathered crowds, created disturbances; and that the representatives of defendant committed acts of violence, by attempting to break into the building of complainant.

Charges of this character, if sustained, undoubtedly state a case cognizable in a court of equity, and, if sustained by evidence, might justify the issuance of restraint.

The removal of the cause to the federal court invests this court with jurisdiction to the same extent as if the action had been originally instituted here, and the court action is guided by the decisions in the United States courts, and controlled by applicable acts of Congress. The question of the jurisdiction of this court in cases of this character, although the relief granted is proscribed by acts of Congress, is discussed and

decided in the case of Levering & Garrigues Co. v. Morrin (C. C. A. 2) 71 F.(2d) 284, which is cited with approval.

■ If the controversy involved in the instant case is a "labor dispute," under the terms of the so-called Norris-LaGuardia Act (29 USCA §§ 101 to 115, inclusive), this court is controlled by the provisions of that act, and can grant restraint only in accordance with its terms.

It appears by the proofs that the defendant is a labor organization for persons engaged in the manufacture of furniture, that many of the manufacturers employ persons who are its members, and that it is generally recognized as a labor union in that trade. Two or more of its members had been employed by complainant, and had for some cause left its employ; others of complainant's employees had resigned or quit their membership in the union when employed by complainant. Otherwise the employees of complainant are satisfied with their time and wages, are not members of the union, do not desire to become members, and merely desire to be left alone in their employment. However, I am convinced, after carefully reading the aforesaid act of Congress, that it is intended to apply to just the situation here presented; that a labor dispute may arise by reason of the desire of a labor organization to unionize any factory in its line of business, and a federal court may not, against the effort of the union to accomplish its purpose, interfere with it or its members in "giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence." 29 USCA § 104 (e).

The testimony does not indicate any violence, nor any threats of violence, on the part of the defendant or its representatives.

There is some testimony that some veiled threats were made by persons, who may have been interested in the purpose of defendant, against some employees of complainant company; but the identification as being so interested is not complete, and the claimed threats did not in any way injure the complainant company in its property or business. It is true that one of the officers of complainant company testified to a threat made by an officer of defendant, but this was denied by accused, and was not corroborated by any one. Under these circumstances the court cannot say that the threat was made, and there is no testimony to indicate that any effort was made to carry the threat into effect. There is, therefore, no proof of violence, unless it arises out of the patrolling on the part of defendant's representatives.

The bill of complaint alleges a series of acts on the part of defendant's agents, indicating that their place of business was surrounded by patrollers; that acts of violence against their property had been committed; and that its business had been severely injured because its patrons were prevented from freely transacting business with it. The facts as developed by the testimony fail to sustain any of the allegations of the bill. At no one time were there more than two agents actually patrolling with signs, such as those exhibited to the court. None of the patrollers was militant. They did not, on or near the property of complainant, cause any disturbance by affirmative acts, except the mere fact of their presence with signs which they claimed to be descriptive of the conditions. The variance between the allegations of the bill and ex parte affidavits annexed thereto, and the proofs, justifies the provisions of the statute requiring the hearing of testimony of witnesses in open court, with opportunity for cross-examination, in all applications of this character. Some question has been raised as to the accuracy of the printed matter displayed, but under the testimony and the definition of "labor dispute" by the statute, this could not be considered as fraudulent.

I am convinced that this court has jurisdiction of the allegations of the bill of complaint and that the right of the court to issue restraint is controlled by the provisions of the so-called Norris-LaGuardia Act (29 USCA §§ 101 to 115, inclusive). See, also, Levering & Garrigues Co. v. Morrin (C. C. A. 2) 71 F.(2d) 284.

The testimony demonstrates that agents of defendant and others were patrolling, giving publicity to their contentions of fact. It is possible, and sometimes probable, that patrolling (or so-called picketing) may result in violence or indicate fraud. If large numbers of patrollers were engaged in such a manner as to interfere with the actual business affairs of a person or corporation, it might indicate fraud sufficient to hold such patrolling illegal, and to justify restraint; and in refusing injunction in the instant case the court is not concluding that a situation might not arise where restraint would be issued based upon the act of patrolling alone.

The facts in the instant case do not justify a conclusion that fraud existed, or that there was violence, or unlawful acts committed, or intended.

I have grave doubts as to whether the facts submitted would entitle the complainant to restraint, even under the general equity powers of the court; but controlled, as I am, by the statutory inhibitions, I conclude:

That the defendant and their agents have not committed any act which would justify the court in ordering a temporary injunction.

The motion is denied.