## L. L. CORYELL & SON v. PETROLEUM WORKERS UNION, LOCAL NO. 18281 et al.

District Court, D. Minnesota, Third Division.

Sept. 12, 1936.

George M. Tunison, of Omaha, Neb., and Otis, Farley & Burger, of St. Paul, Minn., for plaintiffs.

Leonard, Street & Deinard and James Saks, all of Minneapolis, Minn., for Petroleum Workers Union and certain individual defendants.

BELL, District Judge.

This is an action in equity for an injunction restraining the defendants from picketing the plaintiffs' place of business at 2250 University avenue, St. Paul, Minn. There is a diversity of citizenship, and the requisite jurisdictional amount is involved.

The plaintiffs are citizens of the state of Nebraska and are engaged as copartners in marketing petroleum products at retail and wholesale in territory covering fourteen or more states with their principal place of business at Lincoln, Neb. They own and operate a gasoline filling station and bulk plant at the above-mentioned address in St. Paul, Minn.

The defendants are petroleum workers unions, officers and agents thereof, and for a period of six weeks were engaged in picketing the plaintiffs' said place of business. Plaintiffs allege that about June 28,

1936, the defendants entered into a malicious combination and conspiracy to destroy plaintiffs' business in St. Paul by violence and unlawful conduct on the plaintiffs' premises, and continuously since that date have subjected the plaintiffs and their employees to coercion and intimidation by picketing and by signs and placards bearing false, misleading, and fraudulent matter; that the defendants have threatened, intimidated, and annoyed the customers of the plaintiffs; that the defendants and others under their direction have assembled at various times on and near the plaintiffs' place of business, have interfered with the ingress and egress of patrons, have assaulted and beat the employees of the plaintiffs, have used vile and indecent language in speaking to the plaintiffs' employees, threw stones and missiles striking the plaintiffs' buildings, pumps, and automobiles of customers, and that on one occasion the defendants threw stench bombs on the premises and drove customers therefrom; that since June 29, 1936, the defendants continuously have pursued, threatened, and harassed the employees of the plaintiffs and have tried to induce them to leave the service of the plaintiffs; and that, as a result of the picketing and conduct of the defendants, the plaintiffs have sustained irreparable loss and damages.

Plaintiffs further allege that none of the defendants is employed by the plaintiffs; that wages paid by plaintiffs to their employees and working conditions and hours are satisfactory to their employees; that said employees are ready, willing, and anxious to continue in the service of the plaintiffs; that the plaintiffs have not influenced or interfered with its employees in exercising their choice and judgment as to joining labor unions or organizations; and that their employees are paid substantially union wages.

Plaintiffs further allege that there is in existence no labor dispute between the plaintiffs and the defendants collectively or between the plaintiffs and any of the defendants; that the plaintiffs have not received any demand from the defendants made on condition that if complied with defendants would abstain from the objectionable conduct alleged.

On this petition the court issued a temporary restraining order and a rule on the defendants to show cause why an injunction pendente lite should not be granted.

The defendant unions and a number of the individual defendants entered a special appearance and moved for an order dissolving the temporary restraining order, vacating the rule to show cause, and a denial of plaintiff's application for an injunction pendente lite, on the ground that the court is without jurisdiction, because the bill of complaint did not allege facts showing compliance with the Norris-La-Guardia Act (29 U.S.C.A. §§ 101–115), in that (1) the complant did not allege an effort to settle a labor dispute; (2) the complaint failed to allege that the public officers of the city of St. Paul were unable or unwilling to furnish adequate protection; (3) the required bond was not filed; (4) testimony was not offered and received; (5) the order is contrary to the public policy of the United States as defined in said act; and (6) the temporary restraining order was for a longer period than five days.

In support of the motion of said defendants, the affidavit of Louis R. Lindsey, organizer of the Petroleum Workers Unions, was filed in which it is stated that about June 15, 1936, Floyd Davis and Donald Scringer, the employees of the plaintiffs, became members of Petroleum Workers Union No. 19802, that affiant on June 23, as a representative of said union and said employees, and as their chosen representative for collective bargaining with their employer, addressed a letter to the plaintiffs demanding that plaintiffs pay to said employees increased wages in accordance with the prevailing wage scale then in effect; that on June 27, 1936, said employees were discharged by plaintiffs without notice; that no reply to said letter of affiant was received until about July 1st, when a representative of the union called at plaintiffs' place of business in St. Paul to inquire why no answer had been received, and was there handed a letter from plaintiffs which, in effect, was a refusal to accede to the demand for increased wages; that affiant on inquiry July 1, 1936, was informed by plaintiffs' manager at St. Paul that said employees were competent; that he did not know why they had been discharged, but that he had been directed by plaintiffs' home office to discharge them; that affiant thereupon informed the manager that, as said employees had been discharged without cause and solely for the reasons that they had become members of the union and had made a demand for higher wages and shorter hours, the union would insist on said em-

ployees being reinstated and that the union be recognized as their representative for collective bargaining; and that in the event of refusal the premises would be picketed.

Affiant further stated that said employees had been receiving $59.50 per month and had been required to work 72 hours per week, when the minimum wage for the same class of labor was $87.50 per month for a 48-hour week; that said employees were not reinstated or the union recognized, and that thereafter said premises were picketed in a peaceful and lawful manner until July 10, 1936, when picketing was discontinued at the direction of a representative of the American Federation of Labor who called at plaintiffs' place of business in St. Paul, conferred with the manager, and requested a conference with the plaintiffs or their duly authorized representatives with a view to adjusting the controversy, but that the request was denied, whereupon picketing was resumed on July 15, 1936, in a peaceful and lawful manner and without disturbance.

Affiant denied that the defendants entered into a conspiracy to destroy plaintiffs' business or used threats, violence, force, or coercion in any manner, or that false or fraudulent signs and placards were used, or that any of the defendants, or any one acting under their direction, assaulted or beat any employee of the plaintiffs, or any customer, or that they used vile and indecent language or threw stones and missiles; that the defendants have at all times been scrupulously careful to engage only in peaceful and lawful picketing; that any acts of violence, misconduct, and peace disturbance that occurred on the premises were by persons in no way associated with or under the control of the defendants, and were instigated and caused by the plaintiffs themselves to supply grounds for an injunction.

Affiant further stated that the wages and hours of labor were not satisfactory to said discharged employees or the union to which they belonged; that the plaintiffs have refused to settle or adjust the controversy, reinstate said employees, or recognize the union as their representative for collective bargaining concerning the conditions or terms of re-employment; that a labor dispute is involved; and that the defendants at all times have been ready, able, and willing to negotiate for arbitration and settlement, but the plaintiffs have refused.

The statements contained in the Lindsey affidavit are corroborated in part by the affidavits of the two discharged employees.

The plaintiffs filed a number of affidavits in support of the averments contained in their complaint.

Obviously, there is a great variance in the statements contained in the affidavits as to what occurred in connection with the picketing of the plaintiffs' place of business and as to who was responsible for it.

Plaintiffs rely on Lauf v. Shinner & Co. (C.C.A.) 82 F.(2d) 68, in which it was held that no labor dispute was involved, under the provisions of the Norris-LaGuardia Act, where no members of the defendant union were employed by the plaintiffs and defendant union was endeavoring by picketing and other acts to coerce the plaintiff to compel its employees to join the union. In other words, there was no controversy between the employer and its employees. A similar view of the statute was taken in United Electric Coal Companies v. Rice (C.C.A.) 80 F.(2d) 1.

It has been held that an employer of nonunion labor is not entitled to injunctive relief against a labor union for picketing in an effort to unionize the laborers of the plaintiff where no fraud or violence was used. Levering & Garrigues Company v. Morrin (C.C.A.) 71 F.(2d) 284; Cinderella Theater Company v. Sign Writers' Local Union (D.C.) 6 F.Supp. 164; Miller Parlor Furniture Company v. Furniture Workers' Industrial Union (D.C.) 8 F.Supp. 209; Dean v. Mayo (D.C.) 8 F.Supp. 73; American Furniture Company v. I. B. of T. C., etc., Local No. 200, 222 Wis. 338, 268 N.W. 250, 106 A.L.R. 335.

It is unnecessary to analyze these cases because sufficient facts are admitted, or are evident, to show that a labor dispute as defined by the Norris-LaGuardia Act is involved in this case. On June 15, 1936, the employees Davis and Scringer joined the union. On June 23 the union made a demand for higher wages and shorter hours, and on June 27 they were discharged. On July 1st a demand for reinstatement was made on the plaintiffs. There was a refusal and picketing was commenced. These facts did not appear in the bill of complaint, but they are fully established by the affidavits and statements of counsel. It has been explained that the letter of the union to the plaintiffs demand-

ing higher wages and shorter hours was not known to counsel for plaintiffs at the time the bill of complaint was drafted and filed. Clearly, there is a controversy between the plaintiffs and their employees amounting to a labor dispute which brings this case within the provisions of the Norris-LaGuardia Act and leaves this court without jurisdiction.

The temporary restraining order should be dissolved; the rule to show cause should be vacated; and the application for an injunction pendente lite should be denied.

It is so ordered.