## INTERSTATE–TRINITY WAREHOUSE CO. et al. v. ELLIOTT.
### Civ. No. 1823.

District Court, N. D. Texas, Dallas Division.
Oct. 4, 1945.

Carl B. Callaway, of Dallas, Tex., for complainants.

Elmer Davis, of Fort Worth, Tex., for respondent.

ATWELL, District Judge.

There is a limit to the jurisdiction of the nisi prius national court as to labor dispute litigation. In certain fields those courts are not permitted to enter. That field is described in the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq. In National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381, "labor dispute" is likewise treated. Somewhat helpful are, Miller Parlor Furniture Co. v. Furniture Workers' Industrial Union, D. C., 8 F.Supp. 209, and International Union, etc., v. California State Brewers' Institute, D. C., 25 F.Supp. 870.

There is considerable difference between the facts here and the statute and litigation reported in the books. Clarity in our thinking will assist in agreement. Honesty demands that it be understood that this case does not involve a question of open or closed shop; of organized or unorganized labor; of the right to strike or not to strike. That must not be put forward as a confusing suggestion.

The simplicity of this contest merits such clarity and honest treatment. All of the testimony—not a preponderance—but *all* of the testimony, discloses that there is and was no "labor dispute" between any of these complainants and any of their employees. It also discloses that the application for the strike vote which was made by a citizen of Dallas, to the Labor Boards in Washington which have charge of this

great conciliation machinery, was not connected in any way with any of the complainants nor with any of their employees. It also discloses that he did not even know the names of the employees nor the names of the complainants, and many others to whom similar notices were sent. He merely knew that he had a contest with another employer, in no way connected with these employers, and in no way connected with the employees of these employers, and he desired to notify the complainant employers and their employees that the handling of any goods or movables by them, or either of them, should be discontinued, and to effect that purpose a strike vote had been requested of the Washington authorities mentioned.

In order to make his remedy as effective as he could, he went to the telephone directory and secured the names and addresses of the employers, who are the complainants here, and used that information in making his application to Washington. The Washington authorities granted his application for a strike vote.

The ballot that was to be used by the employees of the complainant employers contained the information that I have set out here briefly.

It also advised that the voter should determine whether the President of the United States should be interfered with in his pressing of the war. See Sec. 8, War Labor Disputes Act, 50 U.S.C.A. Appendix § 1508.

The brief review of the indisputable facts makes any laboring of applicable law unnecessary. It carries upon its face such an unmistakable, inequitable and unlawful wrong and trespass, with irreparable injury inevitable to the complainants' smoothly, peacefully, undisturbed and satisfactory movement of interstate commerce, warehousing of large consignments of merchandise for immediate delivery, the safe garnering of commodities needed instantly, the furnishing of the war-worker in the large war plants a quick, speedy and responsive service for their movement of household goods, that the chancellor may not hesitate in his conclusion.

There is no labor dispute. There was no labor dispute. There is nothing and was nothing calling for conciliation. Nor any wrong to be remedied. It is and was a pure trespass upon the liberty and business and inherent rights of person and property of the complainants.

Restraint will issue.