WHITCOMB *et al. v.* GIRARD COAL Co.   SAME *v.* MT. OLIVE COAL Co.
SAME *v.* WOLF COAL & MIN. Co.   SAME *v.* GLENDALE COAL & MIN.
Co.   SAME *v.* MADISON COAL Co.

*(Circuit Court, S. D. Illinois.   June Term, 1891.)*

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—INJUNCTION.

A bill for an injunction alleged that complainants were the owners of certain patents on coal-mining machines, and entitled to the exclusive right of sale thereof; that defendants were using machines which were of the same pattern as complainants' machine, without a license from complainants; and that such use was an infringement of complainants' patent. *Held,* that complainants were not entitled to a preliminary injunction, where it was shown that defendants were solvent.

2. SAME—FORMER DECREE.

The fact that a court in another district in the same circuit has decreed a machine of the same style an infringement of complainants' patent will not warrant the court in granting a preliminary injunction, where the validity of complainants' patent is questioned in this court.

In Equity.   Motion for preliminary injunction.

*C. W. Thomas* and *J. M. Thacher,* for complainants.

*C. K. Officld, Paul Bakewell, M. H. Phelps, R. A. Bakewell, Rinaker & Rinaker,* and *Conkling & Grout,* for defendants.

ALLEN, J.   The bills in these cases were filed by George D. Whitcomb, a resident and citizen of the state of California, and the St. Louis Coal & Machine Mining Company, a corporation formed and existing under the laws of the state of Illinois, and having its principal office in East St. Louis, St. Clair county, in said state, against the above-mentioned coal companies, corporations organized and existing under the laws of the state of Illinois.   The cases are alike in their legal features, differing only in the names of the parties defendant, and will therefore be treated as one case.   It is alleged in the bill that Whitcomb is the owner by purchase from the inventor, Jonathan W. Harrison, or his assignees, of patents 9,408 (reissue) and 9,439, (reissue,) for improvements in coal-mining machines, and that he is the original inventor of another new and useful improvement in coal-mining machines; that, on his application, letters patent for said last-mentioned invention, in due form of law, were granted him on the 7th day of November, 1882, from the

United States patent-office, being numbered 267,047; that the invention of said Whitcomb is an improvement upon the mining-machines described in said reissue patents No. 9,408 and 9,439, and is capable of conjoint use in one and the same mining-machine with the inventions described in said reissue patents. It is further alleged that one of the complainants, the St. Louis Coal & Machine Mining Company, by virtue of a deed of assignment, became empowered and entitled to sell, use, and operate in the counties of Williamson and Macoupin, in the state of Illinois, any and all improvements upon any mining-machines made under said reissue patents Nos. 9,408 and 9,439, which might, after the date of said assignment, be owned or controlled by said Whitcomb; that said Whitcomb is now manufacturing the said machines for use in the said territory, and that the St. Louis Coal & Machine Mining Company has used and is now using said machines, so manufactured by said Whitcomb, in said territory, and has licensed others to use the same there. The bill further alleges that the Chouteau Manufacturing Company, a corporation of the state of Missouri, having its principal office in the city of St. Louis, is and has been, since the fall of 1887, manufacturing and selling in said territory the machine known as the "Chouteau Coal-Mining Machine," and that the infringement complained of consists in the use by the defendants, in the said territory, of the said machine and other machines of like pattern, and embodying the inventions protected by said reissue patents Nos. 9,408 and 9,439, and said patent No. 267,047, and that the defendants, without the license or consent of complainants, and against their will, have used and operated, and still use and operate, in said territory, the coal-mining machines manufactured by the Chouteau Manufacturing Company. The bill also alleges that these reissue patents Nos. 9,408 and 9,439, as well as the third claim of patent No. 267,047, were by decree of the circuit court of the United States for the northern district of Illinois, in January, 1891, declared valid, and that the Chouteau mining-machine was an infringement of said patents, and the defendant in said suit, the Spring Valley Coal Company, was enjoined from its further use. The bill asks for a decree for profits, and "prays that the defendant, and all of its servants, agents, and employes, and each and every one of them, may be, both preliminarily and permanently, enjoined by an injunction issued out of this honorable court from using in the said territory the said machines manufactured by the said Chouteau Manufacturing Company, its successors or assigns, known as the 'Chouteau Coal-Mining Machine,' or any machine made substantially upon the pattern thereof, and containing any of the inventions set forth in the said third claim of said patent No. 267,047, or the first three claims of said patent No. 9,408, or the first three claims of said patent No. 9,439." The bills were answered by a denial of the material allegations, and the defenses are urged that reissues Nos. 9,408 and 9,439 are void, because fraudulently obtained and granted without authority of law, and also because of having been anticipated by prior patents; and this last-mentioned defense is sought to be made applicable also to the Whitcomb patent. The rule of *stare decisis* invoked by the bill as to some of the

patents is answered by the statement of new and different proof in support of some of the defenses. Replications were filed, and the present hearing is upon the motion of complainants for a preliminary injunction. Much evidence in the form of affidavits has been taken by complainants and defendants, intended and doubtless tending to establish complainants' bill, as well as the various defenses interposed.

If this was upon final hearing, it might be necessary to discuss many questions now omitted, and others much more fully than is deemed important here. Although there may have been adjudications in this circuit sustaining these patents, still their validity is now assailed; and while the fullest faith and credit are due and most heartily extended to such decrees, and the very highest respect entertained for the eminent jurist who passed them, yet it does not necessarily follow that the motion should be sustained. There may be questions of nicety, and yet of importance, involved in the assailment of these patents, creating and leaving some reasonable doubt of their validity, and thus rendering it proper that their decision should be suspended till a final hearing. The present situation of the parties is made very clear from the pleadings and the evidence. The St. Louis Coal & Machine Mining Company, as assignee, it may be conceded, have the right to sell, use, and operate, in Williamson and Macoupin counties, any and all improvements upon any mining machines made under the reissue patents Nos. 9,408 and 9,439. Whitcomb manufactures the machines in East St. Louis, and his co-complainant uses and licenses others to use the same. An offer is made in the bill to license any one, for a reasonable license fee, to use the machines; and in support of the motion the following affidavit was read:

"Charles Ridgely, of lawful age, being first duly sworn, says, upon his oath, that he is the president of the complainant the St. Louis Coal & Machine Company; that said company has heretofore licensed various persons and corporations operating coal mines in the counties of Macoupin, Madison, St. Clair, and Williamson, in the state of Illinois, to use in said territory the mining machine known as the 'Harrison Machine,' covered and protected by and described in letters patent of the United States No. 9,408 (reissue) and No. 9,439 (reissue) and No. ———, (original,) and is willing to license any person or corporation to use said machine in said territory during the life-time of said patents upon payment of a reasonable license charge."

The Chouteau Manufacturing Company, a Missouri corporation, having its principal office in St. Louis, has been, since the fall of 1887, manufacturing a machine known as the "Chouteau Coal-Mining Machine," and the infringement complained of consists of the use by the defendants in the territory of said Chouteau coal-mining machine and other machines of like pattern, embodying the inventions protected by said reissue patents Nos. 9,408 and 9,439 and said patent No. 267,047. The defendants, in addition to questioning by their pleading and evidence the validity of complainants' patents, insist that the Chouteau machine, and its use by them, is no infringement of the same. Admitting, for argument's sake, that it does so infringe, ought this motion to prevail? I incline strongly to the opinion it should not. Coal mining is a most important industry in the district covered by complainants' patents, and,

should the court grant the harsh remedy asked in this case, that of suddenly stopping mining operations in all the mines of the district where the Chouteau machines are in use, it might cause great, if not irreparable, injury, not only to the defendants, but to the public. If complainants' right to the patents be fully recognized, they can be fully compensated by damages. The proof is ample. Indeed, it is conceded, that defendants are solvent; able to respond in damages to any amount suffered by complainants on account of the infringement. Complainants' interest would seem to be that defendants use the Harrison machine if they pay for such use. The license fee is the full right claimed, and, while this may have not been definitely fixed, the amount is of easy ascertainment. The severe remedy of a preliminary injunction might therefore be out of all proportion, in its injury to the defendants, to the benefit accruing to the complainants. It may be that complainants' counsel underestimate, in their brief, the possible, if not the probable, consequences of a decree such as they ask; for they say:

"The granting of the motion for injunction will not necessarily result in damage to the defendants; it will not result in stopping their mining operations for a single day; for they can arrange to put into immediate use the Harrison-Whitcomb machine, if they so desire, or, if not, they can return to hand mining, which is still very largely used in coal-mining operations."

This is a view in which the public interests are not at all considered. Not doubting that patents create a property interest in the invention which the courts will always properly protect, it does not follow that the general public have no interest in the manner in which this property interest may be used. The controlling fact in this case, however, and one rendering a discussion of disputed questions of fact and law unnecessary till a final hearing, is that complainants are not threatened with irreparable injury. The defendants are responsible, and complainants can be adequately compensated. Irreparable damage is an indispensable element in an application for a provisional injunction. *New York Grape Sugar Co.* v. *American Grape Sugar Co.*, 10 Fed. Rep. 835; *Sanders* v. *Logan*, 2 Fish. Pat. Cas. 167; *Morris* v. *Manufacturing Co.*, 3 Fish. Pat. Cas. 67; *Pullman* v. *Railroad Co.*, 5 Fed. Rep, 72; *Zinsser* v. *Cooledge*, 17 Fed. Rep. 538; *Smith* v. *Sands*, 24 Fed. Rep. 470; *Keyes* v. *Refining Co.*, 31 Fed. Rep. 560. Application for preliminary injunction denied.