RICE & ADAMS CORPORATION *v.* LATHROP.

No. 155. Argued January 11, 1929.—Decided February 18, 1929.

510

Messrs. *Charles J. Staples, Wm. P. Conely, Frederick G. Mitchell,* and *Wm. D. Cushman* submitted for petitioner.

Mr. *Joshua R. H. Potts,* with whom Messrs. *Eugene V. Clarke* and *Howard S. Laughlin* were on the brief, for respondent.

Mr. JUSTICE SUTHERLAND delivered the opinion of the Court.

The question here to be determined arose in a suit in equity by respondent against petitioner, brought in the federal district court for the Western District of New York, for infringement of a patent. The bill alleged repeated and continuing infringement of the patent by petitioner, preparation and readiness to continue such infringement, and that unless petitioner was restrained respondent would suffer great and irreparable damage, etc.

It was further alleged that in a prior suit for infringement, brought by respondent against the Bowman Dairy Company, the patent had been sustained as valid and infringed; that the defense to that suit was openly conducted by petitioner, who paid all expenses as well as the judgment rendered by the final decree; that such decree, therefore, became *res judicata* as against petitioner. The prayer was for an interlocutory as well as a perpetual injunction, and for an account to be taken of profits realized by petitioner and damages sustained by respondent.

At the time suit was brought, only 41 or 42 days remained before the expiration of the patent. Two days after beginning suit, respondent moved for a preliminary injunction. After a hearing upon affidavits, the motion was denied. The court thought no injury would result to respondent by a refusal to grant the injunction at that time; that infringement had ceased; that the responsibility of petitioner was unquestioned; and that the recovery of damages would be a sufficient protection for past infringement. Subsequently, a motion by petitioner to transfer the case to the law side of the court was made and denied. The grounds for the denial were stated in an opinion by the district judge, 6 F. (2d) 91, in the course of which he said:

" In the circumstances, plaintiff had a right, at the time this action was instituted, to commence in equity and to assert that right to an injunction existed. . . . I must therefore hold that the relief sought in the bill was grantable, and it was only denied by the court in the exercise of its discretion, . . ."

The case was then proceeded with as a suit in equity. Before the trial was entered upon, the patent in the meantime having expired, petitioner renewed its motion to. transfer to the law docket, which was again denied. The

trial resulted in a decree for respondent, holding the patent to be valid and infringed, 21 F. (2d) 124; and this decree was affirmed by the court below on appeal without opinion. 24 F. (2d) 1021.

The sole question for our consideration is whether, after refusing the preliminary injunction, the district court was justified in retaining jurisdiction of the case as a suit in equity. We allowed the writ and brought the case here because of an alleged conflict in respect of that matter among the decisions of the circuit courts of appeal.

The question is very nearly set at rest by *Clark* v. *Wooster*, 119 U. S. 322. There, suit was brought to restrain a patent infringement and to recover profits and damages. The patent involved expired 15 days after the bill was filed. It did not appear whether an application for an interlocutory injunction was made, but under the rules of the court there was time before the expiration of the patent within which it could have been made. The final decree established the patent and its infringement, and a reference was made to a master to take and state an account. The jurisdiction of the trial court sitting as a court of equity was challenged. This Court sustained the jurisdiction and held that it was within the discretion of the trial court under the circumstances to retain the bill as it did. The opinion then proceeds (p. 325):

" It might have dismissed the bill, if it had deemed it inexpedient to grant an injunction; but that was a matter in its own sound discretion, and with that discretion it is not our province to interfere, unless it was exercised in a manner clearly illegal. We see no illegality in the manner of its exercise in this case. The jurisdiction had attached, and although, after it attached, the principal ground for issuing an injunction may have ceased to exist by the expiration of the patent, yet there might be other grounds for the writ arising from the possession by the defendants of folding guides illegally made or procured whilst the

patent was in force. The general allegations of the bill were sufficiently comprehensive to meet such a case. But even without that, if the case was one for equitable relief when the suit was instituted, the mere fact that the ground for such relief expired by the expiration of the patent, would not take away the jurisdiction, and preclude the court from proceeding to grant the incidental relief which belongs to cases of that sort. This has often been done in patent causes, and a large number of cases may be cited to that effect; and there is nothing in the decision in *Root* v. *Railway Co.*, 105 U. S. 189, to the contrary. *Cotton Tie Co.* v. *Simmons*, 106 U. S. 89; *Lake Shore, &c. Railway* v. *Car-Brake Co.*, 110 U. S. 229; *Consolidated Valve Co.* v. *Crosby Valve Co.*, 113 U. S. 157; *Thomson* v. *Wooster*, 114 U. S. 104."

And see *Beedle* v. *Bennett*, 122 U. S. 71; *Busch* v. *Jones*, 184 U. S. 598, 599–600.

The decisions of this Court upon the point are entirely harmonious. *Root* v. *Railway Co.*, referred to in the foregoing quotation, presents no exception. There, suit was brought long after the expiration of the patent. No ground for equitable jurisdiction properly could be alleged, for, plainly, none existed, and the bill was merely for an accounting of profits and damages, the remedy at law for which was complete. Accordingly, a decree dismissing the bill was affirmed. We deem it unnecessary to review the decisions in the several circuits thought to be in conflict.

In *Clark* v. *Wooster, supra*, when the bill was filed, the patent had 15 days to run; in the present case, 41 or 42 days remained. The only substantial difference between the two cases is that here an application for an interlocutory injunction was made and denied. But the bill stated a case for equitable relief, and the order denying the interlocutory injunction constituted no bar to a subsequent application upon changed conditions. 2 High on Injunctions, (4th Ed.) § 1586. While we see nothing to prevent

a retention of jurisdiction by the chancellor based upon that contingency, we do not rest upon that ground.

An interlocutory injunction, at least ordinarily, is not a matter of strict right; but the application is addressed to the sound discretion of the court. 1 High on Injunctions, (4th Ed.) §§ 11 and 937. And here the trial court denied the application, not because it would have been error to grant it, but in the exercise of its discretion, principally based upon a balancing of the relative conveniences and inconveniences which might result. This is made clear by the trial judge, who, interpreting his own action, expressly held that the relief sought was grantable but was only denied by the court in the exercise of its discretion. That the case was one for the exercise of discretion is plain. *Id.*, § 937; *Southwestern Brush Elec. L. & P. Co.* v. *Louisiana Elec. L. Co.*, 45 Fed. 893, 895–896; *Whitcomb* v. *Girard Coal Co.*, 47 Fed. 315, 317–318; *Rousso* v. *Barber*, 276 Fed. 552, 553. The order denying the injunction, therefore, was conclusive in an appellate court; and an order granting it would have been equally so. *Buffington* v. *Harvey*, 95 U. S. 99, 100.

As applied to the question under consideration, there is no sound reason for making a distinction between a failure to obtain an interlocutory injunction, because not asked for, and a like failure, because, though asked for, it was denied only in the exercise of a discretion which might have been rightfully exercised the other way. This was plainly recognized in the *Wooster* case, where it was said that if the trial court had deemed it *inexpedient* to grant an injunction it might have dismissed the bill, " but that was a matter in its own sound discretion," which would not be interfered with by this Court unless exercised in a manner clearly illegal. (Since the adoption of Equity Rule 22, the question for the court in the case supposed would be not whether to dismiss the bill but whether to transfer the suit to the law side of the court. *Twist* v. *Prairie Oil Co.*,

274 U. S. 684, 689.) The action of the trial court here in denying the motion to transfer was within its authority, and does not call for our interference. Jurisdiction of the court sitting in equity, having been rightfully invoked, was not lost either because the interlocutory injunction was denied in the exercise of judicial discretion or by the expiration of the patent pending final decree. This conclusion finds support in the principle that " a court of equity ought to do justice completely and not by halves," and to this end, having properly acquired jurisdiction of the cause for any purpose, it will ordinarily retain jurisdiction for all purposes, including the determination of legal rights that otherwise would fall within the exclusive authority of a court of law. *Greene* v. *Louis. & Interurban R. R. Co.,* 244 U. S. 499, 520; *McGowan* v. *Parish,* 237 U. S. 285, 296; *Camp* v. *Boyd,* 229 U. S. 530, 551–552.

*Decree affirmed.*