## SET–O–TYPE CO. v. AMERICAN MULTIGRAPH CO.

No. 5993.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1932.

G. H. Wells, of Dayton, Ohio, and L. C. Spieth, of Cleveland, Ohio (E. H. & W. B. Turner, of Dayton, Ohio, and Cannon, Spieth, Taggart, Spring & Annat, of Cleveland, Ohio, on the brief), for appellant.

C. K. Arter and Ashley Van Duzer, both of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appeal, under section 129 of the Judicial Code, 28 U. S. C. § 227 (28 USCA § 227), from an order denying a preliminary injunction. The amended bill sought to enjoin appellee from engaging in certain alleged unfair trade practices. The gravamen of the bill is that appellant manufactured and sold under the name of "Set-O-Type," a device for setting cold movable type in printing segments at typing speed; that it also manufactured type and other equipment for use in connection with the machine; that appellee, prior to the advent of Set-O-Type had manufactured and sold printing devices known as "Multigraph,"1 and type for use therein; that upon the introduction of Set-O-Type appellee entered upon a systematic plan to injure and destroy appellant's business, and that to forward its unlawful scheme it, through its representatives, committed many overt acts and made many unfair representations, both orally and in writing, concerning appellant's business. The bill alleged that appellee's agents represented to the trade that appellant was underfinanced, that it was selling type at a ruinously low price, and that it could not continue in business; that appellee falsely represented that it would shortly place upon the market a cheaper and more efficient typesetting machine than Set-O-Type; that it owned patents upon a machine called "Compotype"; that without any other purpose than to block Set-O-Type sales it brought suit against appellant in which it claimed that Set-O-Type infringed its Compotype patents; that it advised prospective purchasers of Set-O-Type of the pendency of the suit; that afterward, in furtherance of its fraudulent purpose, it dismissed its patent suit and in bad faith entered into a contract with appellant whereby it

became the exclusive selling agent for Set-O-Type machines and products; that in accordance with the contract it ordered from appellant five hundred Set-O-Type machines and two hundred thousand boxes of type to be delivered, during the year ending June, 1930, according to a certain schedule; that, although appellant sought to comply with this contract, appellee had no intention of complying, but that it wrongfully and intentionally succeeded by means thereof in causing appellant to tie up a large portion of its capital in its products, and in destroying appellant's sales organization; that it made no good-faith effort to sell Set-O-Type machines; that it accepted only three hundred and twenty of the machines and refused to accept the remainder; that after its breach of the contract it fraudulently continued by pamphlets and directory listings to represent that it was the sales agent for Set-O-Type products; that it leased a number of the Set-O-Type machines remaining in its hands to prospective Set-O-Type purchasers for the purpose of destroying Set-O-Type sales; that for the same purpose it furnished erroneous instructions for the operation of Set-O-Type machines and defective type for use therein; that it threatened to continue its unlawful practices until the bill was filed, and that its acts and conduct caused irreparable loss to appellant without adequate remedy at law.

The answer put in issue all the material allegations of the bill. The motion for a preliminary injunction was heard upon affidavits introduced by appellant and counter and rebuttal affidavits.

■ In denying the preliminary injunction the court said: "I do not find in the bill of complaint and affidavits in support of the motion sufficient basis for the injunction relief sought. American Malting Co. v. Keitel (C. C. A.) 209 F. 351, 355." Appellant interprets this expression as indicating the court's mistaken viewpoint that an injunction may not issue merely to restrain trade libel and slander, and that equity was therefore without jurisdiction. Such deduction is not altogether clear because it is quite probable that if the court entertained such view it would have transferred the cause to the law side. Equity Rule No. 22; Rice & Adams Corp. v. Lathrop, 278 U. S. 509, 514, 49 S. Ct. 220, 73 L. Ed. 480; see Meccano, Ltd. v. John Wanamaker, 253 U. S. 136, 141, 40 S. Ct. 463, 64 L. Ed. 822. But for the present, assuming such conclusion, we think the bill

entitled to a broader interpretation. The relief sought was the protection of appellant's business from injury caused, as alleged, by the carrying out of a premeditated scheme of unfair competition. The charge that appellee was guilty of both oral and written defamation of appellant's business and products is in effect only a specification of two distinct features of the general plan. Toledo Computing Scale Co. v. Computing Scale Co., 142 F. 919, 922 (C. C. A. 6); Oil Conservation Engineering Co. v. Brooks Engineering Co., 52 F.(2d) 783, 786 (C. C. A. 6); Maytag Co. v. Meadows Mfg. Co., 35 F.(2d) 403, 408 (C. C. A. 7). When so construed, we think the bill sufficient from a jurisdictional standpoint. We find nothing to the contrary in American Malting Co. v. Keitel, 209 F. 351 (C. C. A. 2).

■ Upon the hypothesis that the District Court denied the preliminary injunction upon a contrary view of the jurisdictional question, the usual rule that the issuance of such injunction rests wholly within the sound discretion of the District Court would not be applicable [Wheeling & L. E. R. Co. v. Pittsburgh & W. V. Ry. Co., 33 F.(2d) 390, 393 (C. C. A. 6); Interstate Transit, Inc., v. City of Detroit, Mich., 46 F.(2d) 42, 44 (C. C. A. 6); Cumberland Tel. & Tel. Co. v. Memphis, 200 F. 657, 658 (C. C. A. 6)], and in such case we should determine whether as an original proposition the injunction should have issued. We think the record justified its denial and that the order of the District Court was proper.

■ The burden was upon appellant and, as indicated above, the matter involves discretion to be judicially exercised [Crescent Spec. Co. v. Fireworks Distributing Co., 210 F. 130, 131 (C. C. A. 6)] while keeping in mind at least two familiar rules: (1) That the plaintiff must establish "a reasonably clear case of necessity and otherwise irreparable injury" [Louisville & N. R. Co. v. Western Union Tel. Co., 252 F. 29, 33 (C. C. A. 6)]; and (2) does the balance of injury between the parties favor the issuance of such an order pending the final determination of the case? Prendergast v. N. Y. Tel. Co., 262 U. S. 43, 51, 43 S. Ct. 466, 67 L. Ed. 853. Substantially all the supporting affidavits bound in what we regard as nonevidential matter, i. e., mere conclusions as distinguished from a particular showing of facts and circumstances. We do not go into particulars, but merely point to those executed by Percy R. Seward, James C. Brennan, Arthur C.

Christman, and G. W. Miller as typical and illustrative.

A preliminary injunction is extraordinary process. The facts offered to support it should be fully, definitely, and precisely disclosed, but the conclusions are to be drawn by the court. See Brough v. Schanzenbach, 59 Ill. App. 407, 411; Thompson v. Ocean City R. Co. (N. J. Ch.) 37 A. 129, 130. But passing over this feature, and giving to appellant's affidavits their fullest practical effect, the record presents a sharp controversy over the controlling facts.

The showing made by appellant tends to support its bill but, upon the contrary, the affidavits introduced by appellee, together with their exhibits, tend to establish that it is guiltless of either threatened or actual misconduct or misrepresentation; that the patent suit referred to was brought in good faith, and that the contract with appellant grew out of a bona fide settlement of the patent suit; that during the life of the contract appellee purchased and paid for appellant's products in the sum of $538,614.40; that it has on hand more than $100,000 of such products which it cannot sell, and that if appellant either suffered or anticipates loss the cause is to be found in prevailing business conditions. As the original case out of which this appeal arose is pending, we refrain from any expression upon the merits of the controversy (Blackmore v. Collins, 290 F. 204, 205 [C. C. A. 6]) except to observe that we find no statement from any prospective customer of appellant that he has been approached, either directly or indirectly, by any representative of appellee under circumstances indicating an attempt to belittle or disparage appellant's business or products. It is sufficient to say that we have considered the record in the aggregate, treating the verified bill in the nature of an affidavit, and we fail to find that it was necessary to issue a preliminary injunction to prevent irreparable injury, or that the balance of injury favored its issuance.

If a proper interpretation of the order of the District Court is that the injunction was denied because in the exercise of sound discretion it found no basis for it, then it follows, upon authority of National Fire Ins. Co. v. Thompson, 281 U. S. 331, 338, 50 S. Ct. 288, 74 L. Ed. 881, and other cases, supra, considered in connection with what we have said herein, that there is no reversible error in the order of the court.

Affirmed.