## CHASE BRASS & COPPER CO., Inc., v. CHASE METALCRAFT CORPORATION.

District Court, S. D. New York.

July 7, 1937.

William A. Rollka, of New York City, for plaintiff.

Macpeak, Flatow & Abramowitz, of New York City (Fred Flatow, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves for an injunction pendente lite restraining the defendant from using in connection with the advertisement and sale of products manufactured by defendant the word "Chase" or the words "Chase Metal" or "Chasecraft" or any other word or combination of words similar to the plaintiff's alleged trade mark "Chase."

It appears that since 1900 plaintiff's predecessor corporations have all used the word "Chase" to identify their products, as well as the names "Chase Brass" and "Chase Metal." The use of the name "Chase" is due to the fact that in 1900 one Henry Sabin Chase founded the Chase Rolling Mill Company, the first of a series of corporations all of which used the name "Chase."

It appears further that plaintiff does a very large business throughout the United States and it is alleged that its gross yearly sales exceed $34,000,000. The products manufactured by the plaintiff are numerous and varied. In the past few years a small fraction of its business has consisted in the manufacture and sale of lamps.

In June, 1934, the defendant corporation was organized under the laws of the state of New York as "Chase Metalcraft Corporation." No person with the family name of "Chase" had any financial or official interest in the defendant. It is claimed that from that time until the beginning of 1936 various types of lamps were manufactured "for experimental purposes to determine which were mostly desired in the trade." It further appears from the affidavit of the president of the defendant that about the beginning of 1936 it was decided that the defendant corporation would manufacture desk lamps only and that that has been the nature of its business ever since.

It is urged that due to the limited nature of defendant's business that there can be little or no competition between it and the plaintiff. On the other hand, it is argued that the name "Chase" has through the years acquired such a distinctive connotation in the mind of the public that defendant's lamps are bought and sold under the impression that they are the products of the plaintiff.

It affirmatively appears that as early as February, 1936, the plaintiff was aware of the fact of the existence of the defendant and of the nature of its business. Under date of February 28, 1936, a letter was written by plaintiff's attorney to the defendant protesting its use of the name "Chase."

Before an injunction pendente lite should issue it ought to be made to appear that the plaintiff has applied for such relief with prompt diligence. The fact here is undisputed that plaintiff allowed sixteen months to pass before applying for the temporary injunction now sought. By reason of the laches on the part of plaintiff and the irreparable loss that the issuance of a temporary injunction would cause to defendant, this motion will in the court's discretion be denied. The balance "of the relative conveniences and inconveniences which might result" weighs against the granting of an interlocutory injunction herein. Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 514, 49 S.Ct. 220, 222, 73 L. Ed. 480.

The court, however, is of opinion that plaintiff should have an early trial. Defendant has offered to proceed to a trial of the issues at the earliest possible date. I recommend that this case be granted a preference for trial. An immediate application for such a preference should be made upon the basis of my recommendation contained herein. Motion for a temporary injunction is denied. Submit order on notice.