# MURRAY HILL RESTAURANT, Inc., v. THIRTEEN TWENTY ONE LOCUST, Inc., et al.

### No. 6797.

Circuit Court of Appeals, Third Circuit.

July 20, 1938.

Julius Hallheimer, of New York City, and Moss & Moss, of Philadelphia, Pa., for appellant.

Nathan I. Miller, of Philadelphia, Pa., for appellees.

Before DAVIS and BIGGS, Circuit Judges, and MARIS, District Judge.*

MARIS, Circuit Judge.

This is an appeal by the plaintiff from the decree of the District Court for the Eastern District of Pennsylvania denying without prejudice its motion for a preliminary injunction. Upon such an appeal the appellant carries a heavy burden. As Judge Gray said, speaking for this court in New York Asbestos Mfg. Co. v. Ambler Asbestos Air Cell Covering Co., 3 Cir., 102 F. 890, 891:

"The granting of a preliminary injunction is an exercise of a very far reaching power, never to be indulged in except in a case clearly demanding it; and the decision of a court of first instance, refusing such an injunction, will not, except for very strong reasons, be reversed by this court."

The plaintiff conducts a restaurant at 21 West 52nd Street, in the City of New York, known as the "21 Club." The defendants operate a restaurant at 1321 Locust Street, in the City of Philadelphia, in connection with which they have used the numerals "21" and to some extent "21 Club." The plaintiff's bill seeks an injunction restraining the use by the defendants of "21" or "21 Club." The plaintiff moved for a preliminary injunction. Its motion was heard by the District Court upon affidavits, answering affidavits and rebuttal affidavits. After argument and consideration of the affidavits filed the court below refused the motion. Its action was based upon its finding that the plaintiff would not suffer irreparable damage by the refusal of a preliminary injunction pending final hearing.

The power to grant a preliminary injunction rests in the sound discretion of the trial court. Rice & Adams Corporation v. Lathrop, 278 U.S. 509, 49 S.Ct. 220, 73 L. Ed. 480. It is, as we have said, a power to be exercised with great caution and only in clear cases. New York Asbestos Mfg. Co. v. Ambler Asbestos Air Cell Covering Co., supra; Barker Painting Co. v. Brotherhood of Painters, 3 Cir., 15 F.2d 16. To justify the granting of such an injunction there must be a showing of irreparable injury during the pendency of the action. American Mercury v. Kiely, 2 Cir., 19 F.2d 295. Here there was no such showing.

Furthermore in this case the plaintiff chose to support its motion solely by affidavits. Neither the court below nor the defendants were afforded an opportunity to observe the plaintiff's witnesses or to cross-examine them. In Lare v. Harper & Bros., 3 Cir., 86 F. 481, 483, this court said: "It is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case."

The principle announced in that case is applicable here. It follows that the decree entered by the court below was within its discretionary power and that we are not at liberty to disturb it. Accordingly, without discussing the merits as they may develop upon final hearing, we restrict ourselves to the affirmance of the decree appealed from.

The decree of the court below is affirmed.

*Appointed Circuit Judge June 24, 1938.