The **EVENING NEWS PUBLISHING COMPANY**, a corporation of the State of New Jersey, Plaintiff,

v.

**ALLIED NEWSPAPER CARRIERS OF NEW JERSEY**, a corporation of the State of New Jersey, et al., Defendants.

Civ. A. No. 110–57.

United States District Court
D. New Jersey.
March 15, 1957.

Plaintiff publishes daily and Sunday editions of a newspaper in Newark which are distributed by the defendants. In February, 1956, a number of the defendant dealers organized into a voluntary association. Subsequently, on August 16, 1956, defendants incorporated as the Allied Newspaper Carriers of New Jersey, hereinafter referred to as Allied. The group has a membership of approximately forty members who distribute approximately 24% of plaintiff's newspapers throughout New Jersey.

In the summer of 1956, disagreements between the parties as to allocation of territories for routes and delivery charges to subscribers culminated in a refusal of defendants to handle the newspaper. This "boycott," as it was termed, lasted from July 13–July 28, 1956. In its petition, complainant alleges that on January 29, 1957, the membership of Allied ratified a resolution to boycott plaintiff's newspaper at a date to be determined by Allied's president, James L. Hutchings. It is this contemplated action which is the immediate stimulus for bringing this petition. An order to show cause was entered on February 14, 1957, by Judge Meaney.

Plaintiff cites 15 U.S.C.A. §§ 4 and 26, commonly known as the Sherman Act and the Clayton Act, as the bases of the relief sought. In addition, plaintiff quotes extensively from numerous decisions to establish the applicability of these statutes to its activities as constituting interstate commerce and to denominate the conduct of defendants as restraints and monopoly proscribed by the anti-trust laws. The principal cases relied upon include Lorain Journal Co. v. United States, 1951, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162; United States v. Women's Sportswear Mfg. Ass'n, 1949, 336 U.S. 460, 69 S.Ct. 714, 93 L.Ed. 805; Mandeville Island Farms, Inc., v. American Crystal Sugar Co., 1948, 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328; Paramount Pictures, Inc., v. United Motion Pictures Theaters, 3 Cir., 1937, 93 F.2d 714. In brief, plaintiff contends that the defendants seek to redistribute terri-

Gilhooly, Yauch & Fagan, by Edward J. Gilhooly, Newark, N. J., for plaintiff. Riker, Emery & Danzig, by Charles Danzig, Newark, N. J., of counsel.

Julius Fielo, East Orange, N. J., for defendants.

MODARELLI, District Judge.

Plaintiff has petitioned for a preliminary injunction. 15 U.S.C.A. § 26.

tories among themselves and to require plaintiff to refuse to furnish newspapers to anyone else [i. e., newsboys] in the territories. Plaintiff further alleges that defendants threaten a boycott if newsboys are used to supply the demand for deliveries in areas already served by defendants, thus creating a monopoly in the latter.

In reply, defendants deny the characterization of their activities as restraints or attempts to create a monopoly. They concede that there are grievances which arise from two practices of the plaintiff, viz., an alleged inflexible price of fifty cents for weekly deliveries, a sum inadequate to constitute a living wage, and the practice of using newsboys, many assertedly under age, to compete with defendants. Defendants oppose the petition on the following grounds: (1) That plaintiff is barred because of the equitable doctrine of unclean hands; (2) that if the preliminary injunction is granted, they will be foreclosed from publicizing their grievances; (3) that this is a labor dispute which makes applicable the terms of the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq. Decisional law is cited in support of these arguments, notably New Negro Alliance v. Sanitary Grocery Co., 1938, 303 U.S. 552, 58 S.Ct. 703, 82 L.Ed. 1012; Olmstead v. United States, 1928, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944; Mitchell v. Gibbons, 8 Cir., 1949, 172 F. 2d 970; Miller Parlor Furniture Co. v. Furniture Workers Industrial Union, D.C.N.J.1934, 8 F.Supp. 209.

█ A preliminary injunction is an extraordinary process, and the granting of such relief rests in the sound discretion of the court. Rice & Adams Corp. v. Lathrop, 1929, 278 U.S. 509, 49 S.Ct. 220, 73 L.Ed. 480; American Visuals Corp. v. Holland, 2 Cir., 1955, 219 F.2d 223. The court has before it numerous affidavits of the contending parties. In fact, at the present posture of the matter, in the absence of oral testimony, it may be said that it presents a "battle by affidavit." And where the equities of a bill are denied fully and explicitly under oath, a court usually does not issue an injunction in limine but allows the matter to await a final hearing. Behre v. Anchor Ins. Co., 2 Cir., 1924, 297 F. 986. This is the view of the Third Circuit expressed in numerous decisions. At no time was it more explicitly enunciated than in Lare v. Harper & Bros., 1898, 86 F. 481, 483, where the court said:

"It is a rule, subject to few exceptions, that a preliminary injunction should not be awarded on ex parte affidavits, unless in a clear case."

In Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 1938, 98 F. 2d 578, the Circuit Court reiterated its view that the petition for preliminary injunction should be denied especially where it is supported only by affidavits. The reasoning of that court was spelled out further in Warner Bros. Pictures, Inc., v. Gittone, 3 Cir., 1941, 110 F.2d 292, 293, which warrants quotation:

"Furthermore we think that a preliminary injunction should not have been granted upon evidence largely in the form of affidavits as was done in the case before us. The evidence was conflicting and the trial judge, in order to enable him to resolve these conflicts, should have been afforded the opportunity of testing the credibility of the witnesses by having the benefit of their cross-examination and, if possible, their presence in court. In the absence of such opportunity the affidavits of each side were entitled to equal weight."

█ On numerous occasions the Third Circuit has cautioned that the granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. See New York Asbestos Mfg. Co. v. Ambler Asbestos Air Cell Covering Co., 3 Cir., 1900, 102 F. 890, 891; Barker Painting Co. v. Brotherhood of Painters, 3 Cir., 1926, 15 F.2d 16. To justify the granting of such

an injunction there must be a showing of irreparable injury during the pendency of the action and a finding of fact to such effect. Sims v. Greene, 3 Cir., 1947, 161 F.2d 87, 89; Murray Hill Restaurant v. Thirteen Twenty One Locust, supra. The burden is upon the complainant to prove its contentions and I find that the element of irreparable injury has not been sustained.

■ Obviously the case is controlled by the rule repeatedly announced in the district and circuit that a preliminary injunction is never granted where the petition and affidavits disclose that plaintiff's contentions, in fact and in law, are seriously disputed. Eutectic Welding Alloys Corp. v. Zeisel, D.C.N.J.1950, 11 F.R.D. 78; United States v. Republic Oil Refining Co., D.C.N.J.1934, 8 F.Supp. 897; Fleetway, Inc., v. Public Service Interstate Transportation Co., D.C.N.J. 1933, 4 F.Supp. 482, affirmed 3 Cir., 1934, 72 F.2d 761, certiorari denied 1935, 293 U.S. 626, 55 S.Ct. 347, 79 L.Ed. 713.

■ This case illustrates the futility of considering a motion for a preliminary injunction in cases of this kind upon ex parte affidavits. Not only is there a conflict of material facts, but there are serious and intricate questions of law involved, particularly as to the applicability of the Norris-La Guardia Anti-Injunction Act. It has been said that in weighing an application for a preliminary injunction, to doubt is to deny. Madison Square Garden Corp. v. Braddock, 3 Cir., 1937, 90 F.2d 924, affirming D.C.N.J.1937, 19 F.Supp. 392. In view of the foregoing discussion, and without touching upon the merits as they may develop upon final hearing, I am constrained to deny the motion.

If the plaintiff believes that it can establish irreparable loss or immediate danger at a final hearing, the case may be set down for that purpose on short notice.

An order may be submitted in conformity with the opinion herein expressed.