**D. W. H. CORP.**

v.

**TWENTIETH CENTURY-FOX FILM
CORP. and William Goldman
Theatres, Inc.**

Civ. A. No. 27893.

United States District Court
E. D. Pennsylvania.

April 14, 1960.

Cohen, Shapiro & Cohen, Sylvan Cohen, Philadelphia, Pa., for plaintiff.

Schnader, Harrison, Segal & Lewis, W. Bradley Ward, Arlin M. Adams, Philadelphia, Pa., for Twentieth Century-Fox Film Corp.

Blank, Rudenko, Klaus & Rome, Edwin P. Rome, Morris L. Weisberg, Philadelphia, Pa., for William Goldman Theatres, Inc.

KRAFT, District Judge.

The plaintiff moves for a preliminary injunction based upon an alleged conspiracy between the defendants to violate the Sherman and Clayton Acts[1]. Plaintiff, on August 12, 1959, became the lessee of the Fox Theatre, 16th and Market Streets, Philadelphia, in which, since that date, the plaintiff has exhibited first run feature motion pictures. In essence, the plaintiff charges that Twentieth Century-Fox Film Corp. (Twentieth Century-Fox), the producer-distributor defendant, and William Goldman Theatres, Inc. (Goldman), the exhibitor defendant, unlawfully conspired to discriminate against the plaintiff and to favor

1. 15 U.S.C.A. § 1 et seq.

Goldman by granting Goldman a license to exhibit a feature motion picture entitled "Can-Can" in Goldman's Midtown Theatre for a run to begin May 4, 1960, and by excluding plaintiff from a fair opportunity to bid or negotiate for "Can-Can" and to exhibit that picture.

Plaintiff seeks a preliminary order restraining Twentieth Century-Fox from licensing or delivering "Can-Can" to Goldman or to any exhibitor other than the plaintiff; for an order directing Twentieth Century-Fox to deliver "Can-Can" to plaintiff's theatre for first run exhibition on the terms offered by the plaintiff or, alternatively, directing Twentieth Century-Fox to submit "Can-Can" to all Philadelphia first run motion picture theatres for competitive sealed bids; for an order against both defendants restraining Twentieth Century-Fox from granting and Goldman from accepting any license discriminatorily awarded. Plaintiff, in at least two respects, has failed to establish an adequate basis for the injunctive relief it seeks.

■ The plaintiff alleges threatened loss of income and damage to the "reputation" of the Fox Theatre which it leases. The evidence offered establishes only a threatened loss of income which, if plaintiff succeeds in this action, would be reasonably ascertainable when the run of "Can-Can" at Midtown Theatre is completed and for which it can be adequately compensated by defendants able to respond. This is not a showing of the irreparable damage which is essential to a grant of plaintiff's present motion for injunction. Warner Bros. Pictures, Inc. v. Gittone, 3 Cir., 110 F.2d 292; Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, 3 Cir., 268 F.2d 569.

■ Plaintiff has failed satisfactorily to show that it has reasonable probability of success in the action. Twentieth Century-Fox, at least since August 12, 1959, has solicited sealed bids from exhibitors for first run feature motion pictures in the area embracing Philadelphia. Plaintiff contends that the departure by Twentieth Century-Fox from this practice in the licensing of "Can-Can" to Goldman indicates an unlawful motive, though plaintiff concedes that Twentieth Century-Fox could negotiate separately with prospective exhibitors for the licensing of "Can-Can". However, plaintiff contends that the negotiations with prospective exhibitors antecedent to licensing "Can-Can" to Goldman were a sham, conducted in bad faith. Plaintiff contends that Twentieth Century-Fox actually agreed, in June or July 1959, to license "Can-Can" to Goldman, even before plaintiff acquired its lease of Fox Theatre.

The evidence persuades us that Goldman's actual offer for "Can-Can" was not submitted until March 14, 1960 and was accepted by Twentieth Century-Fox on March 18, 1960. We find that the plaintiff was afforded a fair opportunity to negotiate for "Can-Can" on March 14, 1960 and did make an offer then which Twentieth Century-Fox did not accept. Plaintiff urges that its offer for "Can-Can" license was greater than Goldman's offer and that the rejection of its offer is demonstrative either of an earlier firm commitment to Goldman or of discrimination by Twentieth Century-Fox. Neither plaintiff's nor Goldman's offer embraced a specified period for the proposed exhibition of "Can-Can" nor any express limitation of expenditures for advertising. In light of these omissions, the court is unable to determine which offer, measured by ordinary standards, was the better. Twentieth Century-Fox regarded Goldman's offer as at least equal, if not superior, to the plaintiff's offer. In weighing the offers, Twentieth Century-Fox considered, inter alia, that the plaintiff was willing, but rather reluctant, to exhibit "Can-Can" on a "road show" basis and strongly preferred to exhibit on a "continuous run" basis; that plaintiff's Fox Theatre had never exhibited a first run feature picture on a "road show" basis and that Goldman's Midtown Theatre had substantial prior experience in exhibiting such pictures on a "road show" basis. The effect of these factors can best be appraised by those

expert in the field for whose judgment the court should ordinarily be unwilling to substitute its own. A "continuous run" was defined as daily continuous performance beginning at 11:00 a. m. and concluding the following 1:00 a. m., generally, without advance sale of reserved seats. A "road show" was defined as one showing daily, at night, with probable matinees on three days and with advance sale of reserved seats. Carefully reviewed, the evidence submitted by the plaintiff in support of its motion for preliminary injunction does not persuade us of the clear illegality of defendants' acts. Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 153 F. 907; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578; Reynolds International Pen Co. v. Eversharp, Inc., D.C.D.Del., 63 F.Supp. 423.

### Order

Now, April 14, 1960, plaintiff's motion for preliminary injunction is denied.