**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT, Appellant in No. 15045,**

v.

**VOLKS CITY, INC., Appellant in No. 15046.**

**Nos. 15045, 15046.**

United States Court of Appeals
Third Circuit.

Argued April 6, 1965.

Decided July 19, 1965.

John J. Gibbons, Crummy, Gibbons & O'Neill, Newark, N. J. (Herzfeld & Rubin, Walter Herzfeld, Herbert Rubin, David Dulles, New York City, on the brief), for appellant in No. 15045 and appellee in No. 15046.

John J. Milton, Jr., Milton, Keane & DeBona, Jersey City, N. J. (Joseph Schoenholz, Newark, N. J., on the brief), for appellant in No. 15046 and appellee in 15045.

Before GANEY and FREEDMAN, Circuit Judges, and KIRKPATRICK, District Judge.

GANEY, Circuit Judge.

The defendant is engaged in the business of selling and servicing new and used automobiles, including Volkswagens, in East Orange, New Jersey. Plaintiff, the manufacturer of Volkswagen vehicles, brought an action to re-

strain the defendant from trade-mark infringement and unfair competition. The main purpose of the action is to prevent defendant from holding itself out as an authorized franchised Volkswagen Dealer; no attempt is being made to prevent defendant from selling or servicing Volkswagen products. The parties agreed that the district court dispose of plaintiff's motion for a preliminary injunction on the basis of affidavits and the testimony of a defendant witness. The court found, among other facts, that defendant had inserted in the Evening News a six by eight inch advertisement which stated, "Do You Want a Brand-New 1964 Volkswagen * * * Then You've Got it." and offering "a brand-new factory-fresh Volkswagen"; that later on in the same newspaper, it offered for sale Volkswagens described as "Just arrived from Wolfsburg, Germany" (plaintiff's well-known headquarters and principal manufacturing point), and numerous other advertisements clearly intended to convey the impression of affiliation with the plaintiff. The court therefore concluded that "defendant's use of plaintiff's registered mark 'Volkswagen' * * * in connection with the sale, offering for sale and advertising of goods and services was likely to cause confusion, mistake or deception and therefore constitutes trade mark infringement under 15 U.S.C. § 1114(1), as amended." and that the injury to plaintiff's good will by defendant's conduct was irreparable. It therefore issued a preliminary injunction enjoining defendant from using, among other designations such as "Volkswagen Dealer" or "Dealer in Volkswagens", the trade names "Volks City", "Volkswagen City", "Wagen City", "Wagon City", "Beetle City" or any other name commonly associated with Volkswagen products, "Except in conjunction with the legend 'Not a Franchised Volkswagen Dealer' in the same size lettering and type face as any such name."[1]   Defendant has appealed.

■   It is difficult to promulgate a precise rule as to when an interlocutory injunction will issue but, generally speaking, a proper guideline is laid down in Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S.Ct. 256, 73 L.Ed. 972, "Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted.   Love v. Atchison, T. & S. F. Ry. Co. [8 Cir.], 185 F. 321, 331–332."

■   A review of the record shows that the district court here was acting within the area of its discretionary power in issuing the preliminary injunction and its order will therefore not be set aside.

■   On cross-appeal, plaintiff complains that its victory in the district court was not complete because the court's order was not broad enough to give the relief sought by it.   In particular it points out that the order permits the defendant to continue to use on its premises three large permanent signs with the name "Volkswagens" painted in blue letters at least 18 inches high on a white background provided the words "For Sale" are added.   It claims that the impact of the additional words, which requires no more than a quart of blue paint, is insignificant, and in view of the history of defendant's conduct, the district court should not have treated the defendant so tenderly, but should have

1.  The first sentence of § 34 of the Federal Trademarks Act of 1946, 15 U.S.C.A. § 1116, provides:   "The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent Office."

insisted that it blanket out the signs with white paint.

The principle involved here is more than a determination of whether defendant should be made to use a gallon of white paint instead of a quart of blue. This case is not an appeal from an order entered after a final hearing. In Yakus v. United States (1944), 321 U.S. 414 at p. 440, 64 S.Ct. 660 at p. 674, 88 L.Ed. 834, the Court said:

> "The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff. Compare Scripps-Howard Radio, Inc., v. Federal Communications Comm., 316 U.S. 4, 10 [62 S.Ct. 875, 86 L.Ed. 1229] and cases cited. Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction. Meccano, Ltd., v. John Wanamaker, 253 U.S. 136, 141 [40 S.Ct. 463, 64 L.Ed. 822]; Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 514 [49 S.Ct. 220, 73 L.Ed. 480]. And it will avoid such inconvenience and injury so far as may be, by attaching conditions to the award * * *."

Since a party does not have an absolute right to the issuance of a preliminary injunction, he should not complain on appeal that he has been given only partial relief. Here, we cannot say with reason that if complete relief requested by the plaintiff is directed, the injury to the defendant will be inconsiderable and, accordingly, for the present it must await final hearing when, with an augmented record, it may well be that additional relief will be granted to it in the event it should prevail. However, the plaintiff is free to ask the district court to amend its present order if grave injury is resulting therefrom pending the entry of an order after final hearing. At this juncture of the case, we, of course, express no opinion on whether further relief should be granted.

The order of the District Court will be affirmed.