Eli RAITPORT

v.

GENERAL MOTORS CORPORATION
and Chrysler Corporation.

Civ. A. No. 73–2054.

United States District Court,
E. D. Pennsylvania.

Nov. 2, 1973.

Eli Raitport, pro se.

W. Bradley Ward, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for General Motors.

Robert S. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for Chrysler Corp.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is the above captioned plaintiff's motion for a preliminary injunction. On September 13, 1973, the plaintiff, acting in *propria persona,* filed a "COMPLAINT IN EQUITY, MALEFEASANCE (sic) AND LAW" in this Court against General Motors Corporation and Chrysler Corporation. The essence of the complaint is that the plaintiff has been engaged since 1967 in the development of "switches for use in cars"; that the plaintiff's "working prototypes" are "superior in safety and substantially more economical than the presently used switches for said purposes by the said defendant"; that the plaintiff offered to sell his switches to the defendants, which offer defendants declined allegedly because (a) "defendants are not interested to reduce the cost of cars in clearly identifiable manner"; (b) "because a company with good automotive engineering abilities might some day develop into a competitor"; (c) "defendants by policy are not helping and not encouraging any new starting companies"; and (d) defendants "are not interested in making cars safer, than what is required by government regulation . . ."; that defendants "promote the idea with the public that they are vigorously exploring and persuing (sic) any idea which might reduce the cost of their products and/or improve safety", and "are encouraging and helping new engineering companies to enter the automotive field" and that, upon the basis of the foregoing, plaintiff devoted his efforts "to develop said switches, with the expectation to manufacture and supply said switches to said defendants."

The plaintiff's complaint then alleges that the foregoing facts constitute a violation of

(a) the Civil Rights Act, 42 U.S.C. A. § 1983, because defendants "deprive the public of their right to obtain the maximum amount of goods and services in exchange for their labor and possessions";

(b) the Civil Rights Act, 42 U.S.C. A. § 1985, (3) because "defendants conspired to restrict the said plaintiff to freely enjoy and practice his trade"; and

(c) the Sherman Act, 15 U.S.C.A. § 2, because "defendants restrict the said plaintiff from entering into automotive engineering field . . .".

The complaint asks for damages of $30,000,000. The complaint does not seek equitable relief.

The Plaintiff's motion for a preliminary injunction requests that the defendants be enjoined from:

(a) raising prices without proof that cost reduction opportunities have been put into effect;

(b) discriminating against new companies; and

(c) from considering issues other than merits of quality, price, capability and citizenship, when so required by law, in selecting suppliers.

The Court finds that the plaintiff has not made the requisite showing to meet the heavy burden re-

quired of a litigant seeking preliminary injunctive relief. It is clear that:

(1) the plaintiff has not demonstrated any legal wrong, either by way of commission or omission, on the part of General Motors or Chrysler Corporation;

(2) the plaintiff cannot show irreparable injuries since the plaintiff's alleged injury—loss of profits—is compensable in money damage if there is any legal basis for a recovery;

(3) the plaintiff has failed to show that the balance of convenience justifies the grant of preliminary injunctive relief;

(4) the contractual obligations of General Motors and Chrysler Corporation, presently in effect, and the changes in internal operating procedures that necessarily would be occasioned by the grant of preliminary injunctive relief, all militate against such a remedy; and

(5) the plaintiff does not seek to preserve the status quo, the traditional use to which preliminary injunctions have been confined, but rather to impose upon General Motors and Chrysler Corporation mandatory requirements with respect to their internal operations and business and economic procedures, all far beyond the scope of equitable relief or control.

■ A preliminary injunction cannot be granted unless the plaintiff demonstrates a high probability that he will ultimately prevail on the merits. Reynolds International Pen Co. v. Eversharp, Inc., 63 F.Supp. 423 (D.Del. 1945); Evening News Publishing Co. v. Allied Newspaper Carriers, 149 F.Supp. 460, 462–463 (D.N.J.1957); Little Carnegie Theater v. Columbia Pictures Co., 1958 CCH Trade Cases, paragraph 69, 215 (S.D.N.Y.1958).

■ There have been a number of situations in which changes in marketing practices caused by competitive conditions have resulted in the loss of either an outlet for production or a source of supply, and in which plaintiffs, although they may have been damaged, have been unable to recover. Gold Fuel Service, Inc. v. Esso Standard Oil Co., 195 F.Supp. 85 (D.N.J.1961); Interborough News Co. v. Curtis Publishing Co., 225 F.2d 289 (2nd Cir. 1955). Cf. United States v. J. I. Case Co., 101 F.Supp. 856 (D.Minn.1951).

■ Preliminary injunctive relief may not be granted in a case unless the Court is convinced that the plaintiff has sustained his burden of establishing the four basic elements required in equitable situations. As stated by the Honorable John Morgan Davis in McKesson & Robbins, Inc. v. Charles Pfizer & Co., 235 F.Supp. 743 (E.D.Pa.1964), these four basic elements are:

"* * * The plaintiff must show: (1) that the conduct to be enjoined is in furtherance of the alleged violations of the Sherman Act; (2) that there is a substantial likelihood the allegations of the complaint will be sustained at the trial of the cause; (3) that irreparable harm to the plaintiff will result if the injunction pendente lite is denied; (4) and that there is no conduct by [the plaintiff] which would bar the granting of equitable relief." 235 F.Supp. at 746.

The imperfections in the plaintiff's case necessarily lead to the application here of the Third Circuit Rule on motions for preliminary injunctions: "To doubt is to deny." Madison Square Garden Corporation v. Braddock, 90 F.2d 924, 927 (3rd Cir. 1937).

■ The traditional principles of equity jurisprudence apply in antitrust cases. One of those salutary rules is that no preliminary injunction can issue where the plaintiff has or may have an adequate remedy at law for damages. Graham v. Triangle Publications, Inc., 233 F.Supp. 825, 832 (E.D.Pa.1964), aff'd, 344 F.2d 775 (3rd Cir. 1965). See also: Ikirt v. Lee National Corp., 358 F. 2d 726 (3rd Cir. 1966); Industrial Electronics Corp. v. Cline, 330 F.2d 480, 483 (3rd Cir. 1964); Joseph Bancroft &

Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 574 (3rd Cir. 1959).

Furthermore, it is a fundamental principle of equity jurisprudence that even though the plaintiff may have carried the burden of showing irreparable injury, this Court is not *required* to issue a preliminary injunction. As the United States Supreme Court pointed out in Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834 (1944):

"The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right even though irreparable injury may otherwise result to the plaintiff. * * * Even in suits in which only private interests are involved, the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction * * * "

The plaintiff has based his claim to federal jurisdiction on the Civil Rights Act, 42 U.S.C.A. §§ 1983 and 1985, and on Section 2 of the Sherman Act, 15 U.S.C.A. § 2. It seems reasonably clear to this Court that the Civil Rights Act does not prevent a manufacturer from refusing to purchase equipment on any of the grounds alleged by the plaintiff. Similarly, nothing in the Sherman Act is designed to require a manufacturer to purchase goods from any particular supplier. Indeed, even if the plaintiff asserted a ground for jurisdiction over a "common law" claim, nothing in the law affords a developer of a "switch" or anything else, the right to insist that his device be purchased.

It is not hard to see that what the plaintiff really seeks is an order requiring the defendants to purchase the plaintiff's "switches" and apparently incorporate the switch in their cars, pending a determination of the plaintiff's claims, because he describes his "irreparable injury" in the following terms:

"14. That the plaintiff's life is in jeopardy because he remained without any means for existence for even moderate length of time until the full hearing will take place; nor emotionally said plaintiff could cope with such alleged deception on the part of the defendants." [Motion for Injunction, ¶ 14].

Moreover, the plaintiff lacks standing either to "benefit consumers" by enjoining "price increases" or to regulate the defendants' purchasing discretion. The plaintiff only has standing to assert claims for relief with respect to himself. Here again, the plaintiff's request for equitable relief must fail for elementary reasons, i. e., if he has a claim, his proper remedy would lie in a request for damages, not a request that the defendants be required to purchase his "switches" pending final determination of his claim that the defendants are obligated to so purchase.

For all of the above reasons, the plaintiff's motion for a preliminary injunction will be denied. Furthermore, in accordance with Rule 52(a) of the Federal Rules of Civil Procedure, this memorandum constitutes the Court's Findings of Fact and Conclusions of Law.

### ORDER

And Now, to wit, this 2nd day of November, 1973, it is Ordered that the plaintiff's motion for a preliminary injunction be and the same is hereby denied.

It is further Ordered that within twenty (20) days of the date of this Order, the plaintiff supply to this Court by letter addressed to this Court's chambers marked "personal and confidential" a listing of his assets, liabilities, and annual income for the years 1970, 1971, and 1972, as reported to the Internal Revenue Service for those respective years.

It is further Ordered that in accordance with Rule 32 of the Local Rules of

Civil Procedure, the plaintiff's motion for permission to try this case after testifying to the merits of the case be and the same is hereby denied.

And it is so ordered.