**MITCHELL v. GIBBONS et al.**

No. 13820.

United States Court of Appeals
Eighth Circuit.

March 7, 1949.

Wayne C. Smith, Jr., and Boedeker & Weil, all of Clayton, Mo., for appellant.

Emily Cronheim, of St. Louis, Mo., and Francis Heisler, of Chicago, Ill., for appellees.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse the decree of the District Court which dismissed the plaintiff's action with costs for want of jurisdiction appearing on the face of his amended complaint. The action was brought against C. I. O. local and national labor unions, officers and agents to enjoin them from continuing conspiracy to molest or interfere with the peaceful conduct of plaintiff's taxicab business in the City of St. Louis, Missouri, which plaintiff carried on under a franchise granted to him by the City. The business included transportation of occasional passengers in interstate commerce from St. Louis, Missouri, to East St. Louis, Illinois, and jurisdiction in the federal court was asserted on the ground that the alleged conspiracy of the defendants constituted violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7 inclusive, 15 note, as amended by the Clayton Act, 15 U.S.C.A. §§ 12–27 inclusive and Section 44, and that jurisdiction to enjoin its continuance was vested in the federal court by the provisions of said Acts and of the Judicial Code, 28 U.S.C.A. § 41, new Title 28 U.S.C.A. §§ 1331, 1336. The sufficiency of the amount in controversy was alleged and that irreparable damage was threatened for which there was no adequate remedy at law.

The defendants' motion to dismiss was on the ground, i. a., that the allegations of plaintiff's amended complaint presented

only a labor dispute existing between plaintiff and defendants and acts growing out of such labor dispute and a suit for injunction governed by the restrictions upon the power of federal judges to grant injunctions imposed by the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., Taft-Hartley Act, 29 U.S.C.A. § 151 et seq. It was not claimed in the District court, and is not contended here, that plaintiff's amended complaint stated a case for injunction within the restrictions of said Acts.

The lengthy amended complaint includes allegations to the effect that the plaintiff under the franchise granted to him to operate taxicabs for hire is engaged in the taxicab business as a carrier of passengers for hire and operates some thirty taxicabs of the value of $51,000 in carrying on the business, with storage facilities maintained therefor. The defendants are and have been attempting to unionize plaintiff's taxi drivers and to effect their object have resorted to threats, intimidation and violence towards said drivers and destruction of the property in their charge and threaten to and will, unless restrained, continue such unlawful conduct until plaintiff's business is destroyed. Particular instances of violence are set forth ascribed to the defendants generally and alleged to have been perpetrated in pursuance of and to effect the object of the conspiracy sought to be enjoined. The only fair inference from these allegations is that defendants' common object is simply to organize the plaintiff's taxidrivers in a labor union and that the plaintiff opposes and resists and there exists a labor dispute between plaintiff and defendants and controversies growing out of it where no injunction could be granted by the federal court except as restricted by the Norris-LaGuardia and Taft-Hartley Acts.

But the amended complaint also contains allegations to the effect that the plaintiff in carrying on his taxicab business does not pay wages to the men who drive the cabs. He gets the work done by them and they get their compensation for their work under a plan of leasing the cabs to individual drivers who earn the difference between fares collected from passengers and the charges which plaintiff requires them to pay. The drivers work within the area of plaintiff's franchise without being restricted to districts and pick up passengers when and where they can and there is no immediate supervision over them as they make their various trips, and it is alleged as conclusion that the plaintiff is not the employer of the drivers and they are not his employees but that each of them is an independent contractor and therefore the controversies between the parties here do not grow out of a labor dispute. Plaintiff contended in the District court and now contends that instead of a labor dispute the defendants' concert of intent and action should be deemed a conspiracy to directly restrain and prevent the intrastate and interstate commerce in violation of the Sherman Act as amended and outside the scope of the Norris-LaGuardia Act.

■ We do not find facts stated in the complaint to support such holding. It is not shown how many men are required or engaged in driving the thirty taxicabs used in plaintiff's business, nor are any of the details of management and supervision of said business set forth, but clear allegations of the amended complaint establish that plaintiff's taxicab business for which he seeks protection by injunction is an integral unit of capital investment, management, supervision and labor carried on by him, and the cab drivers earn their living out of it solely by their labor—they perform the work of driving the taxicabs. That work is the same work commonly done in the same way as the work done for a living by all chauffeur members of defendant labor unions. They have no part in the capital investment nor in the management or control of the business. The plaintiff, as he alleges in the complaint, "operates the taxicabs" and the drivers are the hands or performers of work whose relations with plaintiff as to working conditions, compensation and self-organization are directly within the purview of the labor relations laws. Defendants' attempt to organize them and plaintiff's resistance result in the existence of a labor dispute.

Plaintiff has stressed the case of Columbia River Packers Ass'n v. Hinton, 315 U.

S. 143, 62 S.Ct. 520, 521, 86 L.Ed. 750, as supporting a contrary conclusion. We think it does not. It was there asserted that what the court found to be "a dispute among business men over the terms of a contract for the sale of fish" was "a labor dispute" and the court decided that it was not. No such situation can be drawn from plaintiff's allegations in this case. Only one business is pictured and sought to be protected here and that business is carried on by the plaintiff. He can only carry it on with the labor of his taxi drivers, and the labor of human beings is not a commodity or article of commerce. The dispute is solely and entirely as to the terms and conditions on which the drivers shall work, the initial particular being the matter of union organization which has given rise to the suit for injunction. Appellant contends that although such holding may have been proper under the decision of the Supreme Court in N. L. R. B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170, and that such "is the effect of the Hearst case", nevertheless a contrary ruling is required under the provisions of the Taft-Hartley Act of 1947 amendatory of the Wagner Act in Title 29 U.S.C.A. § 152(9)[1] and Section 152(3).[2] But the amendments relied on do not justify refusal to apply the law to the facts pleaded here in accordance with the Supreme Court decisions in the Hearst case. The case was decided by the Supreme Court in full recognition of the principle that the relationship of employer-employee differs from that of independent contractors, and the conclusion

there that a labor dispute existed upon facts analogous in principle to those here presented is binding on this court.

A divided court has held in the Seventh Circuit in Party Cab Company v. United States, 172 F.2d 87, decided January 18, 1949, that a taxicab company operating through drivers who work on terms similar to those pictured here was not subject to Social Security tax in respect to the earnings of the drivers. It was pointed out that the company did not pay them wages and did not know the amount of their earnings derived in part from tips and that the public paid them such compensation as they received and it was concluded that they were not employees in respect to whose compensation the company could be taxed under the Act. But we do not consider the decision to be authority for the plaintiff's contention here that the present controversies do not grow out of a labor dispute.

We think it is clear that the concert of intent and action alleged to exist among defendants here is simply such concert among them as is necessarily implied in the existence of their labor organizations which may not "be held * * * to be illegal combinations or conspiracies in restraint of trade" by the express terms of the Sherman Act as amended, Clayton Act, § 6, 15 U.S.C.A. § 17. As this court said in International Ladies' Garment Workers' Union v. Donnelly Garment Co., 119 F.2d 892, 898, "Unless the intent of a union or the necessary effect of its activities in at-

---

1 "§ 152. Definitions

"When used in this subchapter—

"(9) The term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee."

2 "(3) The term 'employee' shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a

consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but shall not include any individual employed as an agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any individual having the status of an independent contractor, or any individual employed as a supervisor, or any individual employed by an employer subject to chapter 8 of Title 45 and section 225 of Title 28, or by any other person who is not an employer as herein defined."

tempting the destruction of the interstate commerce of an employer by a secondary boycott or in any other way, in order to effect the unionization of his employees, is to control the market or to raise prices or to substantially diminish the supply of goods or otherwise to prejudice or injure the consuming public. in some substantial way, such activities are not proscribed by the Sherman Act." The amended complaint here makes it perfectly clear that the object of the defendants in this case is to organize the plaintiff's taxi drivers in a labor union and has no relation to the supply of taxicab services for the public or to control the market or raise prices and no case for injunction under the Sherman Act is stated against them.

This court had occasion in Amalgamated Association, etc. v. Dixie Motor Coach Corporation, 8 Cir., 170 F.2d 902, 907, to consider the four federal labor enactments, the original National Labor Relations Act; the National Labor Relations Act, as amended; the Labor Management Relations Act of 1947; and the Norris-LaGuardia Act, and it appeared to us .that "the terms of the four Acts concerning labor relations and labor management relations and the limitations on the use of injunctive process at the instance of private parties in respect to such labor relations, coincident with the powers conferred on the Labor Board to seek and obtain such process in the public interest, prescribe a consistent pattern to provide for a uniform administration of the labor relations laws in the public interest by public authority."

It is stated that the plaintiff in this action has instituted proceedings before the Labor Relations Board based upon substantially the same claims presented by his complaint here and that the proceedings are now pending. If so, and if dispute over the terms and conditions of work by plaintiff's taxi drivers give rise to proper occasion for injunctive relief, such relief may be accorded consistently with the pattern provided by the laws. The judgment of the trial court denying injunction here and dismissing the case is affirmed.