Joseph CARROLL, Charles Peterson and Charles Turecamo, as Treasurer, Orchestra Leaders of Greater New York, Plaintiffs-Appellees,

v.

AMERICAN FEDERATION OF MUSICIANS OF the UNITED STATES AND CANADA, Herman D. Kenin, as President of said Federation, Stanley Ballard, as Secretary of said Federation, and George V. Clancy, as Treasurer of said Federation, Associated Musicians of Greater New York Local 802, and Al Manuti, as President of Local 802, Max L. Arons, as Secretary of Local 802, and Hi Jaffe, as Treasurer of Local 802, Defendants-Appellants.

Nos. 185, 186, Docket 27844–27845.

United States Court of Appeals
Second Circuit.

Argued Oct. 16, 1962.

Decided Nov. 21, 1962.

326

Emanuel Dannett, New York City (McGoldrick, Dannett, Horowitz & Golub), New York City, for defendants-appellants, American Federation of Musicians of United States and Canada, Herman D. Kenin, Stanley Ballard and George V. Clancy.

Ashe & Rifkin, New York City, on brief for defendants-appellants, Associated Musicians of Greater New York, Local 802, Al Manuti, Max L. Arons and Hi Jaffe.

Godfrey P. Schmidt, New York City, for plaintiffs-appellees.

Before WATERMAN, FRIENDLY and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

Defendants, American Federation of Musicians and certain of its officers and Associated Musicians of Greater New York, Local 802, and certain of its officers, appeal, 28 U.S.C. § 1292(a) (1), from an order of preliminary injunction issued by Judge Levet in the District Court for the Southern District of New York on October 16, 1962. The order is a chapter in a long-standing controversy that has spawned a bewildering assortment of actions in the District Court by plaintiffs, who are orchestra leaders desiring to operate in the "single engagement" field free from certain union requirements. Issued in two actions challenging those requirements as violating the antitrust laws, the order enjoins the defendants, *pendente lite,* from threatening customers of plaintiffs because of plaintiffs' failure to comply with union regulations whose validity is questioned, from interfering with plaintiffs' right to work as musicians or orchestra leaders or to work with employee-musicians, and from theatening employee-musicians with union discipline if they work for or with plaintiffs.

■ Previous applications for preliminary injunctions in these two actions were denied by other district judges on the ground that plaintiffs' showing was insufficient to warrant the grant of provisional relief that would disrupt practices of long standing among musicians and thereby cause economic loss which would be wrongful yet irreparable if plaintiffs did not prevail. The last such denial of interlocutory relief, by Judge Palmieri, was specifically approved by this Court, Carroll v. American Federation of Musicians, 295 F.2d 484, 486 (2 Cir. 1961). Although this history did not preclude Judge Levet from issuing a preliminary injunction, orderly judicial administration should demand proof of a

change in circumstances sufficient to call for a different result. Here the only differences of any significance appear to be that this time the injunction was to be limited to Carroll and Peterson rather than running as well to the entire class of orchestra leaders they represent, and that the defendants have carried out what previously had been only a threat— expelling Carroll and Peterson for violation of union regulations and directing "sidemen" not to play under the former as a leader. We think this is not enough. True, the potential harm to the defendants is diminished by the narrower scope of the injunction, but it is as doubtful as ever whether plaintiffs can bring themselves within the antitrust laws, escape the prohibition against labor injunctions in the Clayton Act, 29 U.S.C. § 52, and the Norris-LaGuardia Act, 29 U.S.C. §§ 101–115, and avoid primary jurisdiction of the National Labor Relations Board. In this area, where courts must reconcile the sometimes conflicting policies of four acts of Congress, two of which explicitly deprive a Federal court of "jurisdiction" to issue an injunction, United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788 (1941); Mitchell v. Gibbons, 172 F.2d 970 (8 Cir. 1949), there is special need for restraint in granting interlocutory relief.

■ Defendants ask us to go beyond reversing the grant of a preliminary injunction and to dismiss the complaint, since, as they allege, it is clear that plaintiffs have no right to any relief. See Triumph Hosiery Mills, Inc. v. Triumph International Corp., 308 F.2d 196 (2 Cir. 1962). They assert, with more than a little plausibility, that the activities challenged by plaintiffs come within the area of exemption from the antitrust laws created explicitly by the final clause of § 20 of the Clayton Act, 29 U.S.C. § 52, and implicitly by the Norris-La-Guardia Act, 29 U.S.C. §§ 101–115. United States v. Hutcheson, supra; Hunt v. Crumboch, 325 U.S. 821, 65 S.Ct. 1545, 89 L.Ed. 1954 (1945). Plaintiffs' answer, if we understand it aright, is that

they, as orchestra leaders in the single engagement field, are "employers" of the sidemen who play under them, and that the existence of regulations fixing not merely what they must pay the sidemen but also what they must charge the customer brings the case within the contrary attraction of Allen Bradley Co. v. Local Union No. 3, I. B. E. W., 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945); see United States v. Fish Smokers Trade Council, 183 F.Supp. 227, 229 (S.D.N.Y. 1960). In view of the complex and, apparently, *sui generis* character of the employment relationships in this industry, we think these issues can be better decided after development of the facts at a trial.

We therefore reverse the order granting a preliminary injunction and direct that these actions be promptly tried. We shall expect defendants to abide by the assurance, given in an appeal heard by another panel in related actions, that pending final determination of this litigation, musicians will not be prevented by them from working for plaintiffs, or customers threatened, when plaintiffs act solely as entrepreneurs using union leaders and not as leaders themselves. We suggest also that, at the trial of these actions, the judge should require plaintiffs to winnow out of the mass of their grievances the particular facts deemed by them to bring the case within the pull of Allen Bradley and to repel that of United States v. Hutcheson and Hunt v. Crumboch.

So ordered.

WATERMAN, Circuit Judge (concurring and dissenting).

I concur in remanding this case for trial on the merits, but as it appears to me that the majority opinion may be read as a prejudgment that a permanent injunction should not issue after that trial, I cannot join in my colleagues' opinion. Further, I would affirm the grant by the district judge of the preliminary injunction and would leave it in force pending determination below of the merits of plaintiffs' claim for relief. Inasmuch as

the plaintiffs have agreed to pay full union wages to their sidemen, any weighing of possible harms to the parties pending trial of this action seems to indicate that the plaintiffs stand to suffer vastly more if we direct that the preliminary injunction be vacated than the union will suffer if the injunction remains in force *pendente lite.*